Clifford OLSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 37150.

Court of Criminal Appeals of Texas.

June 16, 1965.

On Rehearing Oct. 13, 1965.

Louis G. Mehr (on appeal), Houston, S. John Odom (on rehearing only), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Gene Miles, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge,

The offense is forgery, with a prior offense of like character alleged for enhancement; the punishment, 7 years confinement in the Texas Department of Corrections.

The evidence showed that the appellant, a former employee of the complainant, Robert L. Nance, had, without authority, made a check in the amount of $75.00, payable to himself, and signed as maker the name of Robert L. Nance. Appellant had then passed the check in a grocery store and received $75.00 in cash.

The appellant, testifying in his own behalf, admitted that he had made the check and signed the name of his former employer, Robert L. Nance, but insisted that he was a partner of Nance and had authority and permission from Robert L. Nance to affix his signature to the check. While testifying, he repudiated his confession in which he had stated he had forged and cashed the check in question and had not had permission to sign the name of his former employer, Robert L. Nance.

The jury resolved the conflict in the evidence against the appellant, and the evidence is amply sufficient to support their verdict.

No formal bills of exception were brought forward with the record, there were no objections or exceptions to the Court's charge, and no requested charges were submitted to the Court.

The prior offense alleged for enhancement purposes was properly proved in the customary manner. The judgment and sentence, relating to the former offense, and the fingerprints of the appellant, all being official records certified by the Texas Department of Corrections, were admitted into evidence, and a comparison of the known

fingerprints of appellant by an expert revealed that he was one and the same person.

The evidence showed that the appellant had made a statement in writing to the officers after his arrest. Before making such statement, he had been duly warned as required by Article 727, Vernon's Ann.C.C.P. The appellant's attorney did not ask that the jury be removed, nor offer evidence bearing upon the voluntariness of the confession, but upon his request was permitted to take the witness on voir dire and question him at length concerning the circumstances surrounding the giving of the confession by the appellant. Through such voir dire interrogation, appellant's counsel showed that the appellant was interrogated some thirty minutes to an hour before he made the confession. Appellant had been in jail one day prior to being questioned by the witness. After interrogating the witness at length on voir dire, without having elicited any testimony as a basis for his objection, the appellant's attorney objected to the introduction of the statement on the ground that it was obtained by duress, threats, continued incarceration, and long continued questioning. The objection was overruled and the statement was admitted and read in evidence.

Thereafter, testifying in his own behalf, the appellant testified substantially that the officers said they would make it doubly hard on him if he did not cooperate with them, and that he was thus intimidated and made the statement which was untrue in respect to whether or not he had permission of the complaining witness to sign his name to the check.

Under the facts presented by this case, Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; and Boles v. Stevenson, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109, are not applicable. The trial court's failure to hold a separate hearing and make an independent finding on the question of the voluntariness of the confession prior to its admission in evidence before the jury was not a denial of due process. No issue as to the voluntary nature of the confession had been raised prior to the time it was offered and admitted in evidence. The issue raised by the appellant's testimony as to the voluntary nature of the confession after it was admitted in evidence was properly submitted to the jury under appropriate instructions: Creswell v. State, Tex.Cr.App., 387 S.W.2d 887 and Miller v. State, Tex.Cr.App., 387 S.W.2d 401.

The remaining informal bills of exception in the record do not merit discussion.

Finding no reversible error, the judgment is affirmed.

ON APPELLANT'S MOTION
FOR REHEARING

WOODLEY, Judge.

Our attention is directed to a variance between the instrument set out in the indictment according to its tenor and alleged to have been forged and the instrument offered in evidence as it appeared at the time it was made and passed by appellant at "Randall's No. 2" in Houston.

The state's evidence, including the testimony of Mary Heatherman, employee at Randall's No. 2, and the picture taken of appellant and of the check, shows that the words and figures "Signature not like on file 35–107", which appear on the instrument set out in the indictment, were placed on the check offered in evidence after it had been passed and the number A–05413 was placed on such check by Mary Heatherman when she cashed it.

The variance is fatal and renders the evidence insufficient to sustain the conviction. Payne v. State, Tex.Cr.App., 391 S.W.2d 53; Strong v. State, 143 Tex.Cr.R. 641, 160 S.W.2d 923; Harvey v. State, 132 Tex.Cr.R. 213, 104 S.W.2d 26.

Appellant's motion for rehearing is granted and the judgment is now reversed and the cause remanded.