**James R. KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39284.**

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

Rehearing Denied April 20, 1966.

Weldon Holcomb, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for unlawfully selling beer in a dry area; the punishment, fifteen days in jail and a fine of $400.

Inspector Quenton R. Vonner, of the State Liquor Control Board, testified that on the night of March 16, 1965, he went to the Club De Lisa in the city of Tyler and purchased a quart bottle of Falstaff beer from the appellant for the sum of $1. He fixed the time of the purchase at 10:30

p. m., and also identified the quart bottle of beer which was introduced in evidence as state's exhibit #1. He further stated that he later returned to the Club De Lisa, on March 21, in company with Inspectors Whittenberg and Cosper, where Inspectors Whittenberg and Cosper contacted appellant and obtain his correct name and identification.

Inspectors Whittenberg and Cosper, upon being called as witnesses, testified that on March 21 they went to Club De Lisa in company with Inspector Vonner and on such occasion they made identification of appellant to Inspector Vonner by obtaining appellant's name, age, physical description, and address.

It was stipulated that Smith County was a dry area.

Testifying as a witness in his own behalf, appellant denied selling the bottle of beer to Inspector Vonner on the night in question. Appellant swore that he was not at the Club De Lisa at the time the sale was alleged to have been made but that he was sanding floors at the home of Mrs. Oba Brown.

Mrs. Brown, upon being called as a witness, corroborated appellant's alibi testimony and stated that on the night in question he was working at her home and did not leave until about 10:00 or 10:30.

Appellant's defense of alibi was submitted to the jury by the court in his charge.

■ The jury by their verdict rejected such defense, and we find the evidence sufficient to sustain the judgment of conviction.

Appellant's sole contention on appeal is that the court erred in permitting Inspectors Whittenberg and Cosper to testify that Officer Vonner identified him on March 21 as the person who sold him the beer. Error is urged under the recent ruling by this court in Lyons v. State, 388 S.W.2d 950, which gave application to the rule that prohibits other witnesses to bolster the unimpeached testimony of the victim of a crime

by corroborating the fact that she had identified her assailant.

■■ The record does not reflect that Inspectors Whittenberg and Cosper testified that Inspector Vonner identified the appellant on March 21 as the person who sold him the beer. Their testimony was, in substance, that they identified the appellant—not that Inspector Vonner identified him. Appellant's objection to their testimony was on the ground that it was hearsay. Such objection was not well taken, as the testimony shows that appellant was present when the two inspectors were making the identification of him.

The contention is overruled.

The judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant complains of the disposition made of his informal bills of exception relating to the testimony of Inspectors Whittenberg and Cosper.

A re-examination of the record reveals that the only objection that was made and overruled in regard to Inspector Whittenberg's testimony as to what occurred on March 21 was to the question: "To whom was the identification made?" This question had been answered: "It was made to Mr. Vonner" before any objection was made and there was no motion to withdraw the question or the answer.

Inspector Cosper also gave an account of the events which occurred at the Club De Lisa on March 21, 1965. The question had been asked and answered before any objection was offered and no motion was made to have the jury disregard the evidence complained of.

■ The informal bills of exception present no reversible error. Howard v. State, Tex.Cr.App., 387 S.W.2d 387; Meza v. State, 172 Tex.Cr.R. 544, 360 S.W.2d 403; Christesson v. State, 172 Tex.Cr.R. 27, 353 S.W.2d 218; James v. State, 169 Tex.Cr.R. 526, 335 S.W.2d 603; Pruitt v. State, 164 Tex.Cr.R. 340, 299 S.W.2d 148, and cases there cited.

Appellant's motion for rehearing is overruled.