**Alfred J. BELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39353.**

Court of Criminal Appeals of Texas.

June 22, 1966.

Rehearing Denied Oct. 19, 1966.

Don Brown, LaMarque, for appellant.

Jules Damiani, Jr., Dist. Atty., Thomas L. Douvry and Emmett F. Magee, Asst. Dist. Attys., Galveston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Commissioner.

The conviction is for forgery with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

Rodney Gary Sims, while testifying, identified the appellant as the same person who, in his presence, wrote out and signed the name of Willie Franklin, Jr., to a draft as maker, and delivered it to him on August 18, 1964, in the sum of $40.75, payable to E. S. Levy and Co., and drawn on the Moody National. The witness Sims identified a draft at the trial as the same draft passed to him by the appellant, and for which he sold and delivered to the appellant

two pairs of shoes for the purchase price of $40.75; and he placed the initial "R" at the top of the draft and the number of the driver's license bearing the name of Willie Franklin, Jr., which was exhibited by the appellant was placed at the bottom of the draft.

The testimony reveals that the true name of the appellant is Alfred J. Bell.

Willie Franklin, Jr., testified that he did not sign or authorize anyone to sign his name to said draft.

The driver's license of Willie Franklin, Jr., which had been stolen, was in the wallet found in appellant's pocket at the time of his arrest. The shoes appellant was wearing when arrested were identified by the witness Sims as one pair of those he sold to appellant on August 18, 1964.

A document examiner of the Texas Department of Public Safety testified that the handwriting on said draft was in his opinion the same as that of other handwritings which were shown to be known specimens of appellant's handwriting.

The proof of the prior convictions as alleged and of the identity of the appellant as the same person convicted therefor was stipulated by and between the appellant and his counsel and counsel for the state.

An independent hearing in the absence of the jury was held on the voluntariness of the written statement made by the appellant. After the hearing the court resolved the issues of fact and law and found that said written statement was voluntarily made in accordance with statutory requirements in effect at the time. This written statement included only specimens of appellant's handwriting which were obtained for the purpose of comparison with the handwriting on the draft.

The appellant did not testify but he sought to prove by other witnesses that at the time of his arrest he did not drop a small pouch as the state contends. The state had offered testimony that appellant had dropped a pouch which contained a check bearing the name of Willie Franklin, Jr., as payee.

Appellant contends that the trial court erred in refusing to strike the second paragraph of the indictment which alleges that he had been previously convicted "of a felony less than capital, to wit, Forgery and Passing as True a Forged Instrument" on the ground that he could have been convicted of only one of such offenses; and that said paragraph was multifarious and did not sufficiently inform him of the offense charged.

■ From the record before us of the prior conviction alleged in the second paragraph of the indictment, it appears that the judgment and sentence could have been reformed. Being subject to reformation, the judgment was not void. Smotherman v. State, Tex.Cr.App., 383 S.W.2d 929.

It is insisted that there is a fatal variance between the proof on the trial and the instrument set out in the indictment.

■ The driver's license number and the initial "R" were the only additions to the face of the draft after it was passed and they appear on the draft set out in the indictment. These additions were not material variances and did not affect the validity of the indictment. The endorsements and printing later placed on the back of the draft by the banks handling it and the slip attached to it did not create a variance or vitiate the indictment. 25 Tex.Jur. (2) 562, Sec. 47; 3 Branch (2) 730, Sec. 1588; Whitlock v. State, 170 Tex.Cr.R. 153, 338 S.W.2d 721.

■ The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.