Rose Mary MONTEMAYOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 43010.

Court of Criminal Appeals of Texas.

June 10, 1970.

Rehearing Denied July 22, 1970.

John D. Wennermark, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Butts, Norris Yates, Bill White, and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is passing as true a forged instrument; the punishment, assessed by the court after a verdict of guilty, four years' confinement in the Texas Department of Corrections.

The State's evidence reflects that on July 20, 1968, appellant passed a $72.75 check to Jo Ann Hargis, a cashier at Handy Andy Grocery Store No. 26, located on West Avenue in San Antonio, Bexar County, Texas, and that the signature of Paul Garza on said check was a forgery. Garza testified that a briefcase containing a book of blank checks with his company's name printed on them and other papers containing his signature were stolen from his pickup truck in San Antonio on July 18, 1968. He testified he did not authorize anyone to fill in and sign his name to the check in question which had been made payable to the appellant, Rose Mary Montemayor. It was further shown that the check was returned from the bank upon which it was drawn marked "signature did not agree."

The appellant offered her stepfather in support of her defense of alibi. The jury by their verdict rejected such defense.

In her first ground of error appellant apparently complains of a variance between the instrument set out in the indictment according to its tenor and alleged to have been forged and checks admitted in evidence. The instrument set out in the indictment reflects the word "Jo" in the upper right hand corner thereof. The complaining witness, Jo Ann Hargis, testified without objection that she placed "Jo" on the check at the time she cashed the check. We fail to observe any fatal variance as urged by appellant. See Whitlock v. State, 170 Tex.Cr.R. 153, 338 S.W.2d 721.

Appellant cites and relies upon Olson v. State, Tex.Cr.App., 394 S.W.2d 511. If it be appellant's contention that the word "Jo" should have been part of an explanatory averment in the indictment we observe that the inclusion of the word in the upper right corner would not have prevented the instrument from being the subject of forgery or of passing a forged instrument or cause the instrument to reflect on its face that it was a forged instrument.

There were explanatory averments in the indictment as follows:

"The bank stamps marked 'Paid Jul 22 1968 FROST NATIONAL BANK, San Antonio, Texas,' 'Paid Stamp VOIDED, FROST NATIONAL BANK, SAN ANTONIO, TEXAS' and the figures '0000007275' were added to said instrument after it was passed to the said Jo Ann Hargis."

These explanatory averments were proved as alleged, and appellant does not complain of the same.

Ground of error #1 is overruled.

Next, appellant urges that the court erred in permitting State's witness Hodges, a policeman, to bolster the testimony of Jo Ann Hargis as to her identification of the appellant.

On cross-examination of the complaining witness Hargis appellant's counsel first elicited the fact that Miss Hargis had identified the appellant from a group of photographs shown her by the police three days after the alleged offense. She was vigorously cross-examined as to the possibility of mistaken identification considering the number of checks she cashed, etc., in her job as cashier, and the manner in which the photographs had been shown her.

Further, the appellant's counsel offered 34 other checks made payable to the appellant and allegedly signed by Paul Garza and dated July 19, 1968, "to show that the identification of the defendant was either mistaken or a falsity in that all these exhibits were dated—* * * [o]n the issue of identity, to show the defendant is not the person that passed the check."

Hodges, who investigated the alleged offense, identified the check in question as the subject of investigation. He then related *without objection* that Miss Hargis had identified the appellant from a group of photographs. Thereafter the appellant cross-examined Hodges as to the photographs and the manner in which they had been displayed to the witness Hargis.

■ We believe that appellant's reliance upon Lyons v. State, Tex.Cr.App., 388 S.W.2d 950 [1] is misplaced. There the defendant *objected* to bolstering the unimpeached testimony of the identifying witness that she also identified the defendant while he was in police custody by calling others to corroborate the fact that she did so identify him while in custody. Here there was no objection at all, no motion to withdraw the questions and answers, and the appellant inquired into the same matter on cross-examination. See King v. State, Tex. Cr.App., 402 S.W.2d 746. We feel that the facts of this case sufficiently distinguish it from Lyons v. State, supra. See Beasley v. State, Tex.Cr.App., 428 S.W.2d 317.

■ Appellant further complains of the fact that an extraneous offense was interjected by witness Hodges' occasional reference to the photographs shown to Miss Hargis as "mug shots." No objection was offered to such testimony and we perceive no error.

Ground of error #3 is overruled.

■ Appellant also urges the court improperly restricted her cross-examination of the witness Jo Ann Hargis. In two instances complained of the appellant failed to perfect her bill of exception and show what the answers of the witness would have been if the witness had been permitted to answer the questions. Nothing is presented for review. In the third instance appellant perfected her bill of exception but no predicate was laid for the introduction of the photograph of which the witness had no knowledge and which

---

1. There are several recent cases which cite or follow Lyons v. State, supra. See Ward v. State, Tex.Cr.App., 427 S.W. 2d 876, 883; Beasley v. State, Tex.Cr. App., 428 S.W.2d 317, 319; Acker v. State, Tex.Cr.App., 421. S.W.2d 398, 402; King v. State, Tex.Cr.App., 402 S.W.2d 746; Brown v. State, Tex.Cr.App., 403 S.W.2d 411.

was apparently taken at another store and at another time. The court did not err in refusing to admit the exhibit.

Ground of error #4 is overruled.

■ We find no merit in appellant's contention that the regular signature of Paul Garza written on a slip of paper (State's Exhibit No. 2) in the courtroom during his testimony was irrelevant testimony in view of her offer to stipulate the check in question was a forgery, a stipulation not accepted by the State.

Ground of error #5 is overruled.

■ The trial court did not err in overruling the amended motion for new trial based primarily upon jury misconduct and newly discovered evidence. Such claims were not supported by the record. Neither did the trial court err in refusing to permit appellant unrestricted interrogation of the jurors into matters of jury deliberations not alleged in the motion for new trial.

Appellant's claim of suppression of evidence is totally without merit.

All of appellant's remaining grounds of error are thus overruled.

The judgment is affirmed.