Timothy Dale McNABB, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0621–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 21, 1982.
Rehearing Denied Sept. 23, 1982.

Ronnie G. Harrison, Houston, for appellant.

Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

The appellant was convicted of aggravated robbery. The jury assessed punishment at 50 years after a finding of true to one enhancement paragraph alleged in the indictment.

Because our review of the record reveals fundamental error, we reverse and remand.

The sufficiency of the evidence is not disputed. The complainant identified the appellant as the person who approached her outside her apartment, asked to use the phone, and later raped her at gun point inside the apartment. The appellant then told her that if she would write him a check, he would not take her stereo and other property. The complainant wrote the check for $400, filling in appellant's name as payee. She also testified to his taking over $30, some jewelry, and a mirror.

The indictment before us charges the appellant with aggravated robbery "while in the course of committing theft."

■ By his first ground of error, appellant alleges fundamental error in the charge to the jury. The error complained of refers to that part of the charge that defines theft, for failing to include the phrase "without the effective consent of the owner".

The charge, in applying the law to the facts, correctly includes all the elements of aggravated robbery, as follows:

" . . . (N)ow, therefore, if you believe from the evidence beyond a reasonable doubt that . . . the defendant did then and there while in the course of committing theft of property owned by S____ A____ G____, and with intent to obtain and maintain control of her property intentionally or knowingly threaten or place her in fear of imminent bodily injury or death, by using or exhibiting a deadly weapon, namely, a firearm, you will find the defendant guilty as charged. If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

The charge also correctly defines "in the course of committing theft" as " . . . conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission, of theft," Tex.Penal Code Ann. § 29.01(1)(Vernon 1974). However, "theft" is defined as " . . . the unlawful appropriation of another's property with the intent to deprive the owner thereof". The charge is fatally defective in that it fails to require the absence of the owner's consent. *Evans v. State,* 606 S.W.2d 880 (Tex.Cr.App.1980).

■ An indictment need only allege that aggravated robbery was committed "in the course of committing theft", and if the terms "theft" and "in the course of committing theft" are properly defined in the charge, then in applying the law to the facts the charge need only use the phrase "in the course of committing theft." However, when a trial court applies the law to the facts and charges a jury on the component parts of an element of the primary offense, rather than the element itself, the charge must require the jury to find all of the parts of that element in order to convict; a jury charge which does not so require is fundamentally defective. *Williams v. State,* 622 S.W.2d 95 (Tex.Cr.App.1981); *Evans v. State,* 606 S.W.2d at 882; *West v. State,* 572 S.W.2d 712 (Tex.Cr.App.1978).

■ In *Evans* and *Williams,* the trial court's charge attempted to set out the elements of theft when applying the law of aggravated robbery to the facts, rather than merely requiring the jury to find that the coercive conduct occurred "in the course of committing theft, as that term is defined elsewhere in the charge", but in so doing omitted the element negating the owner's consent. That omission was considered fundamental error in both cases. We perceive no distinction between omitting an element of the underlying theft when defining theft in a separate definitional section of the charge and making the omission in applying

the law to the facts. In both instances the jury is allowed to convict without having to find an absence of consent to the theft. The appellant's first ground of error is sustained.

By his second ground, appellant alleges error by the trial court in overruling appellant's motion to suppress the enhancement paragraph. Appellant argues that the alleged conviction is void because appellant was indicted in that case for *attempted* aggravated robbery, a second degree felony, but later pleaded guilty to robbery, an entirely different offense, also a second degree felony. Therefore, appellant reasons, the conviction is void and unavailable for enhancement purposes. Appellant cites no authority to support this argument.

The State replies that appellant was in fact indicted for aggravated robbery, but that a clerical notation above the indictment itself erroneously characterizes that offense as *attempted* aggravated robbery. (emphasis added) The indictment states, in relevant part:

"While in the course of attempting to commit theft of money owned by Richard Mistschelen, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol."

The State contends that according to Tex. Code Crim.Pro.Ann. art. 21.02 (Vernon 1966), an indictment commences with "In the name and by authority of The State of Texas"; therefore, because the erroneous description of the offense appears above the introductory language on the face of the indictment, the erroneous description is irrelevant in determining the offense charged.

■ The indictment in question virtually tracks the robbery statute, Tex.Penal Code Ann. Section 29.02 (Vernon 1974), except for substituting the phrase "while in the course of attempting to commit theft...", for "while in the course of committing theft...", as that phrase is used in the robbery statute. "In the course of committing theft" is defined so as to include an "attempt" to commit theft. Tex.Penal Code Ann. Section 29.01(1) (Vernon 1974). Therefore, the slight variance in the indictment language does not alter the offense charged to something other than aggravated robbery.

In addition, the State argues that the judgment of conviction, incorporating the clerical error describing the offense, is not void for repeating that error. The State points to the statutory requisites of a judgment, Tex.Code Crim.Pro.Ann. art. 42.01 (Vernon 1979), which requires that the judgment recite the offense charged, as opposed to the offense for which he was convicted. The State cites *Bell v. State,* 407 S.W.2d 225 (Tex.Cr.App.1966), for the proposition that a judgment should not be considered void if it is subject to reformation. In *Bell,* the defendant alleged error by the trial court in failing to quash one of two enhancement paragraphs as the challenged enhancement paragraph alleged that the defendant had been previously convicted of forgery and passing as true a forged instrument. In overruling the defendant's argument the court states: "[f]rom the record before us of the prior conviction alleged in the second paragraph of the indictment, it appears that the judgment and sentence could have been reformed. Being subject to reformation, the judgment was not void." (cite omitted). *Id.* at 226.

■ The judgment in the conviction used for enhancement in the instant case could have been reformed to correct the clerical mistake in the judgment that incorrectly names the offense charged; therefore, it is not void. See also, *Gates v. State,* 471 S.W.2d 857 (Tex.Cr.App.1971). Appellant's second ground of error is overruled.

In his third and fourth grounds of error, appellant complains of the introduction into evidence of two prior theft convictions that were void. The State concedes that a fundamental defect exists in the indictments concerning those convictions. Similarly, the

prosecutor offered a penitentiary packet into evidence that referred to a void forgery conviction. We assume these errors will not recur in a new trial.

Because the jury charge contains fundamental error, we reverse and remand.