Jeffrey David **CARBERRY**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 13–83–096–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 12, 1983.

William McPherson, Mission, for appellant.

Ted Hake, Asst. Dist. Atty. Edinburg, for appellee.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for forgery by passing. A Hidalgo County jury found appellant Jeffrey David Carberry guilty on March 16, 1983, and assessed his punishment at two years in the Texas Department of Corrections.

Appellant now appeals to this Court on two interrelated grounds of error. In his first ground of error, he contends that the trial court erred when it admitted into evidence State's exhibit number one, because there is a fatal variance between said instrument as set out in the indictment according to its tenor and the instrument as it was when it was made and passed by appellant. In his second ground of error, appellant contends that the trial court erred when it did not grant appellant's motion to dismiss on the grounds of no evidence or insufficient evidence in that the State failed to allege in the indictment the instrument according to its tenor when it was allegedly made and passed.

A discussion of the particular facts of this case are necessary in order to explain our decision. Appellant was indicted for two counts of forgery by passing in an indictment handed down by the Hidalgo County grand jury on February 8, 1983.

The first count of the indictment alleges that appellant,

"on or about the 3rd day of November, A.D.1982, and before the presentment of this indictment, in the County and State aforesaid, did then and there with intent to defraud and harm another, pass to Silverio Sosa, a writing that had been made so that it purported to be the act of another who did not authorize the act, to-wit: the act of Vern K. Fry, and which said writing is to the tenor following: "

and then immediately thereafter a reduced copy of the check was reproduced in the body of the indictment. This copy of the check had two stamps on the face of it, one of which included the following language:

"RETURNED NOT PAID
BECAUSE
ENDORSEMENT MISSING
PAYEE MISSING
OTHER        Signature not
DATE         like on file."

The second count of the indictment was similar to the first, except that it had a reduced copy of a different check. It alleged that the offense had been committed on November 28, 1983. Since the indictment was handed down on February 8, 1983, this was an impossible date.

The appellant filed a motion to quash the indictment on thirty different grounds, which was denied. The State then proceeded to trial on the first count of the indictment only.

A copy of that check was entered into evidence as State's exhibit number one. Evidence was presented at trial which showed that the bank stamped the check *after* appellant had passed it. Appellant moved to dismiss the charges on the ground that the State had presented no evidence that the writing passed by Mr. Carberry was of the same tenor as that shown in the indictment, since the State's own witnesses testified that the stamps had been placed on the face of the check *after* appellant had passed it. The motion was denied.

Appellant cites us to *Olson v. State,* 394 S.W.2d 511 (Tex.Cr.App.1965), in support of his position. *Olson* dealt with a similar fact situation to the case at bar. The Court of Criminal Appeals held that the variance was fatal and that it rendered the evidence insufficient to sustain the conviction, stating:

"The state's evidence, including the testimony of Mary Heatherman, employee at Randall's No. 2, and the picture taken of appellant and of the check, shows that the words and figures 'Signature not like on file 35–107,' which appear on the instrument set out in the indictment, were placed on the check offered in evidence after it had been passed and the number A–05413 was placed on such check by Mary Heatherman when she cashed it.

The variance is fatal and renders the evidence insufficient to sustain the conviction."

In *Montemayor v. State,* 456 S.W.2d 126 (Tex.Cr.App.1970), the Court of Criminal Appeals distinguished *Olson* on slightly different facts. In *Montemayor,* the indictment also set out the instrument according to its tenor with bank stamps of a similar sort on the face of it. But the prosecutor in *Montemayor* inserted the following explanatory averments in the indictment:

"The bank stamps marked 'Paid Jul 22 (sic) 1968 FROST NATIONAL BANK, San Antonio, Texas,' 'Paid Stamp VOIDED, FROST NATIONAL BANK, SAN ANTONIO, TEXAS' and the figures '0000007275' were added to said instrument after it was passed to the said Jo Ann Hargis."

*Montemayor,* at 128. These explanatory averments were proved as alleged and so *Olson* did not apply.

The State refers us to *Bell v. State,* 407 S.W.2d 225 (Tex.Cr.App.1966), in support of its contention that appellant's grounds of error should be overruled. In that case, the printing by the bank was apparently placed on the *back* of the check, not on the *front,* as was the case in *Olson,* 394 S.W.2d 511. The Court held that there was not a fatal variance in *Bell,* stating:

"The driver's license number and the initial 'R' were the only additions to the face of the draft after it was passed and they appear on the draft set out in the indictment. These additions were not material variances and did not affect the validity of the indictment. The endorsements and printing later placed on the back of the draft by the banks handling it and the slip attached to it did not create a variance or vitiate the indictment."

It can be argued that there is a conflict between the holding in *Olson* and the holding in *Bell.* However, if that be the case, we, an intermediate court, do not have the power or authority to resolve that conflict. Since *Bell* is the later expression of the Court's reasoning in this specific area, we feel compelled to follow it and affirm the judgment at bar.

However, we also feel compelled to discuss that which counsel for the State apparently noticed, namely that the second count of the indictment was fundamentally defective in that it alleged an impossible date for the offense to have been committed, one which was subsequent to the date the indictment was handed down. Appellant's motion to quash spoke to the date of the offense in the "complaint" being subsequent to the "complaint." Nevertheless, we hold that the trial judge should have quashed the indictment as to the second count on this ground alone, since the error was glaring and fundamental. *See Ex parte Legg,* 571 S.W.2d 930 (Tex.Cr.App. 1978).

For the reasons stated above, we overrule both of appellant's grounds of error. The judgment of the trial court reflected that appellant had been convicted of two counts of forgery by passing, when the State had gone to trial on only the first count in the indictment.

The judgment of the trial court is therefore reformed to show a conviction on only one count. It is so ORDERED.