Jeffrey David CARBERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 258–84.

Court of Criminal Appeals of Texas, En Banc.

Dec. 18, 1985.

William H. McPherson, Mission, for appellant.

Rene A. Guerra, Dist. Atty. and Theodore C. Hake and Iris Y. Aguilar, Asst. Dist. Attys., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of forgery by passing and sentenced to two years' confinement. On appeal to the Corpus Christi Court of Appeals, appellant argued that a fatal variance existed between the check as set forth in the indictment according to its tenor and the check as it was when it was allegedly made and passed by appellant.

Appellant was tried under the first count of a two count indictment which alleged that appellant

"on or about the 3rd day of November, A.D. 1982, and before the presentment of this indictment, in the County and State aforesaid, did then and there with intent to defraud and harm another, pass to Silverio Sosa, a writing that had been made so that it purported to be the act of another who did not authorize the act, to-wit: the act of Vern K. Fry, and which said writing is to the tenor following: ..."

Immediately thereafter a reduced copy of the check was reproduced in the body of the indictment. This copy of the check had two stamps on the face of it, one of which included the following language:

"RETURNED NOT PAID
BECAUSE
ENDORSEMENT MISSING
PAYEE MISSING
OTHER    Signature not
DATE      like on file."

The text of the second stamp had been crossed out and was illegible.

Evidence was presented at trial that both of the stamps were placed on the check by the bank *after* appellant had passed it.

The Court of Appeals, acknowledging the conflict between this Court's decisions in *Olson v. State*, 394 S.W.2d 511 (Tex.Crim. App.1965), and *Bell v. State*, 407 S.W.2d 225 (Tex.Crim.App.1966), nevertheless held that it must abide by the latest expression of this Court's reasoning in *Bell* and found there was no fatal variance. *Carberry v. State*, 663 S.W.2d 595 (Tex.App.—Corpus Christi, 1983).

In *Bell v. State*, supra, the complaining witness testified that after Bell had passed the check to him, he [the complaining witness] placed the initial "R" at the top of the draft and the number of the driver's license furnished by Bell at the bottom of the draft. This Court held that since these additions were not material variances and did not affect the validity of the indictment there was no error.

In his petition for discretionary review, appellant relies on three cases: *Olson v. State*, supra; *Payne v. State*, 391 S.W.2d 53 (Tex.Cr.App.1965); and *Strong v. State*, 143 Tex.Cr.R. 641, 160 S.W.2d 923 (1942). Like the instant case, these three cases concerned situations in which the instrument set out in the indictment and introduced into evidence contained markings which had not been on the instrument at the time it had been passed by the defendant. In each of these cases, the Court after a short rendition of the facts, made a cursory finding of a fatal variance, with no real analysis of how the additional markings constituted such error as to call for reversal. In his argument now before this Court appellant merely recites the holdings

of *Olson* and *Payne*, but gives no rationale for their application over *Bell's* application to the instant case.

In addition to *Bell*, our research reveals several other recent cases where this Court has found no fatal variance when the instrument reproduced in the indictment and introduced into evidence contained markings placed on the instrument after it had been passed. In *Adams v. State*, 434 S.W.2d 866 (Tex.Cr.App.1968), this Court found no fatal variance when the store manager testified that after the defendant had attempted to pass the check, he had added several symbols and figures to the check. This Court, relying on *Anderson v. State*, 144 Tex.Cr.R. 26, 161 S.W.2d 88 (1942), held that since the matters complained of constituted no part of the forgery alleged to have been committed by Adams, there was no fatal variance.

In *Montemayor v. State*, 456 S.W.2d 126 (Tex.Cr.App.1970), testimony at trial showed that after Montemayor had passed the check to the cashier, Jo Ann Hargis, Ms. Hargis had written "Jo" on the upper right hand corner of the check. When Montemayor argued on appeal that *Olson v. State*, supra, compelled a finding of a fatal variance, this Court held that:

> "the inclusion of the word in the upper right corner would not have prevented the instrument from being the subject of forgery or of passing a forged instrument or cause the instrument to reflect on its face that it was a forged instrument." 456 S.W.2d at 127.

Thus there was no fatal variance. See also *Brown v. State*, 168 Tex.Cr.R. 112, 324 S.W.2d 15 (1959). Cf. *Ames v. State*, 499 S.W.2d 110, 117 (Tex.Cr.App.1973); *McNeese v. State*, 596 S.W.2d 906, 908 (Tex.Cr.App.1980); and *McKellar v. State*, 641 S.W.2d 240 (Tex.Cr.App.1982).

We find the reasoning in these latter cases to be more persuasive than in the cases relied upon by appellant. In each of these cases as in the case at bar, there is no question that the check allegedly passed by the defendant and identified by the complaining witness at trial is the same check, notwithstanding any markings added to the check for purposes of processing *after* its passing. None of the markings in question are being relied on to constitute the forgery. These markings are mere surplusage and are unnecessary to the proof of the forgery. 20 Tex.Jur.3d, Criminal Law, Section 999, p. 176. Thus the variance is not a material one and there is no fundamental error. To the extent that *Olson v. State*, supra; *Payne v. State*, supra; and *Strong v. State*, supra, conflict with this opinion, they are overruled.

The judgment of the Court of Appeals is affirmed.