**Irineo MONTOYA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–397–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 23, 1987.

Rehearing Denied June 4, 1987.

Hector Yznaga, Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

OPINION

DORSEY, Justice.

Appellant was indicted and convicted by a jury of three offenses all arising from the same criminal transaction: aggravated robbery, aggravated kidnapping and aggravated sexual assault. In its charge to the jury on punishment, the trial court instructed the jury that, where a defendant is charged with multiple offenses in the same indictment and the offenses were alleged to have been committed during the same transaction, the defendant may receive only one conviction and one punishment. Thus, in this case, appellant could be convicted only of aggravated robbery as charged in the first count of the indictment. The court then instructed the jury on the punishment allowable for an aggravated robbery conviction. The jury sentenced appellant to seventy-five years imprisonment and a $10,000 fine.

The trial judge, acting in accord with *Ex Parte Siller*, 686 S.W.2d 617 (Tex.Crim.

App.1985), recited in the judgment that appellant was convicted only of aggravated robbery and was so sentenced. No complaint was made to the indictment or the procedure, either at trial or on appeal. The trial judge was without jurisdiction to enter judgments of conviction and sentence on more than one of the three offenses alleged in the same indictment arising from the same transaction. *See Drake v. State,* 686 S.W.2d 935, 944 (Tex.Crim.App.1985); *Sifford v. State,* 704 S.W.2d 571 (Tex.App.—Corpus Christi 1986, pet. granted).

By a single point of error, appellant asserts that the trial court erred in overruling his motion for instructed verdict. He argues that insufficient evidence of his identity, an improper charge, and insufficient evidence of his use of a deadly weapon require reversal of his conviction.

Appellant contends there is legally insufficient evidence to form the basis for an in-court identification by the victim. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

■ At approximately 9:00 p.m. on November 14, 1985, Mrs. Maria Hernandez was driving home from work in Brownsville. While stopped at a red light, she noticed a man walking down an alley. Suddenly, the man jumped into the back seat of her car and placed a knife to her throat. She was required to drive to a remote area where she was raped. The assailant took the victim's automobile and purse and left her on a secluded dirt road outside the City of Brownsville.

At trial, the victim did not waiver in identifying appellant as her assailant. Mrs. Hernandez testified that, while driving from Brownsville with appellant in her car, she saw appellant through the rearview mirror, and "glanced at him" when she got out of the car before appellant turned the car lights off.

Mrs. Hernandez's testimony continued as follows:

Q. What about during the time you were driving?

A. Only at that time that I saw him through the rearview mirror.

Q. Were you able to identify him?

A. Yes.

Q. His characteristics?

A. Yes.

Q. Do you see that same person here in the courtroom today?

A. Yes, I do.

[Witness identifies appellant].

No objections were voiced at trial and on cross-examination of the victim, the defense did not question her identification of appellant. No evidence was presented that contradicted the witness's identification of appellant as her assailant. *Cf. Martinez v. State,* 507 S.W.2d 223 (Tex.Crim.App.1974); *Acosta v. State,* 656 S.W.2d 535, 536 (Tex. App.—Corpus Christi 1983, pet. ref'd). We find the victim's in-court identification of appellant as her assailant sufficient to sustain the conviction. The opportunities she had to observe her assailant, the lighting, and other factors affecting the validity of her identification of the appellant are properly for the jury to evaluate.

Appellant claims that the court's charge on aggravated robbery is fundamentally erroneous because it contains the word "theft" and not "appropriation." We disagree. The court's charge properly defines "theft."

As emphasized in *McNabb v. State,* 640 S.W.2d 624, 625 (Tex.App.—Houston [1st. Dist.] 1982, no pet.):

An indictment need only allege that aggravated robbery was committed "in the course of committing theft," and if the terms "theft" and "in the course of committing theft" are properly defined in the charge, then in applying the law to the facts the charge need only use the phrase "in the course of committing theft."

■ Finally, appellant claims there is insufficient evidence to show that he used or exhibited a deadly weapon during the

course of committing theft. We disagree. When appellant got into the victim's car he placed the point of the knife against her throat. The victim testified that she saw the knife, the blade of which appeared to be six inches long, and said that after the assault, he waved the knife at her and said he would kill her.

"A knife is not a deadly weapon per se. [Citations omitted]. The State can, without expert testimony, prove a particular knife to be a deadly weapon by showing its size, shape, sharpness, the manner of its use or intended use and its capacity to produce death or serious bodily injury. [Citations omitted]. In determining the deadliness of a weapon, the jury may consider all of the facts of a case, including words spoken by the accused. [Citations omitted]." *Tisdale v. State*, 686 S.W.2d 110, 116 (Tex.Crim. App.1983) (Clinton, J., concurring on rehearing) (quoting *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983)).

Under the facts presented, the evidence was sufficient for the jury to find that appellant used or exhibited the knife as a deadly weapon.

We overrule appellant's point of error and AFFIRM the judgment of the trial court.