# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00590-CR

**Jimmie Gene Hindman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 99CR-666, HONORABLE BRENDA R. FREEMAN, JUDGE PRESIDING

Appellant Jimmie Gene Hindman pleaded no contest to a charge of driving while intoxicated (DWI), second offense. Tex. Penal Code Ann. §§ 49.04, .09(a) (West Supp. 2001). He was sentenced to eighteen months community supervision and a $1,100 fine. He appeals, arguing the trial court erred in admitting into evidence a prior DWI conviction. We will affirm.

Appellant was charged by information, which alleged that the present DWI offense was committed on June 17, 1999, and that:

> It is further presented in and to said Court that prior to the commission of the aforesaid offense by said Defendant to-wit: on the 31st day of October, 1990, in Docket No. 89CR-673, in the County Court At Law of Comal County, Texas, styled The State of Texas Vs **JIMMIE GENE HINDMAN**, the Defendant was legally, and finally convicted of Driving While Intoxicated, a misdemeanor.

Appellant filed a motion to set aside the information, arguing the information was defective because it "allege[d] a prior offense that did not result in a valid conviction." The

clerk's record indicates a pre-trial evidentiary hearing was held and includes a letter from Judge Freeman which states:

> I have reviewed the question raised by [appellant] with regard to admissibility of Mr. Hindman's prior DWI conviction because of a missing date. I have also read the case law furnished by the State and the provisions of Section 42.01 of the Code of Criminal Procedure and related case law. I find no support for the contention that the prior judgment is void. Therefore [appellant's] request to exclude the prior judgment is denied. However, it is not my intent to express an opinion as to whether the judgment will constitute sufficient evidence for the trier of fact to find when the prior offense was committed.

At the no-contest hearing, the State offered into evidence "State's Exhibit Number 2, which is the supplied copy of the prior judgment making this a Class A misdemeanor." Appellant responded, "Your Honor, we have pretrial objections to that document, which is the basis of a ruling by Judge Freeman that we have to take up on appeal." The trial court then admitted the exhibit, stating, "Then, over the defendant's objection, I will admit Exhibit Number 2, keeping in mind the grounds there of the previously urged–to Judge Freeman on the record."

The record before this Court consists of the reporter's record from the no-contest hearing and the clerk's record. It does not include a reporter's record from the evidentiary hearing regarding the admissibility of the prior conviction, nor does it include a copy of State's Exhibit Number 2, the admission of which appellant challenges on appeal.[1]

---

[1] Appellant's brief states, "State's Exhibit No. 2 (C.R., p. 32) is a copy of the prior D.W.I. judgment against Appellant complained of below and here by Appellant as being a void judgment." However, page 32 of the clerk's record is the judgment convicting appellant of DWI, second offense, the conviction from which he currently appeals, and not the prior judgment he contends is void.

Appellant complains that the prior judgment of conviction is void because it does not state when the prior offense was committed. Tex. Code Crim. Proc. Ann. art. 42.01, § 1(14) (West Supp. 2001) (judgment should reflect "[t]he date of the offense or offenses and degree of offense for which the defendant was convicted.").

DWI is a Class B misdemeanor, unless the State shows the defendant "has previously been convicted one time of an offense relating to the operating of a motor vehicle while intoxicated," in which case it is a Class A misdemeanor. Tex. Penal Code Ann. §§ 49.04(b), .09(a). A prior conviction may not be used for enhancement if it was for an offense committed more than ten years before the current offense and the defendant has not been convicted of an offense related to operating a motor vehicle while intoxicated within ten years of the current offense. *Id.* § 49.09(e).

A prior conviction used for enhancement may be collaterally attacked only if it is void due to fundamental or constitutional defect; non-fatal infirmities may not be raised in a direct appeal of the unrelated, later conviction. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979); *Shipley v. State*, 828 S.W.2d 475, 478 (Tex. App.–El Paso 1992, pet. ref'd). The defendant has the burden of showing the prior conviction suffers from a fatal defect. *Johnson v. State*, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987); *Shipley*, 828 S.W.2d at 478.

Article 42.01 requires that certain information should be included in a judgment of conviction, but such information is

> merely a record of events which have occurred in fact. The written judgment is not itself the conviction but evidence, among other things, that a conviction has occurred. When the proof shows that a conviction has occurred in fact, but that the written declaration of the court fails to reflect it, a judgment *nunc pro tunc* may

> be entered to supply the omitted information. This procedure merely causes the record accurately to reflect that a conviction did in fact occur at an earlier time.

*Jones v. State*, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990); *see* Tex. Code Crim. Proc. Ann. art. 42.01, § 1. The kind of errors or omissions of which appellant complains are not fatal errors and do not render a judgment facially void. *See Jones*, 795 S.W.2d at 202 (failure to recite that "defendant is adjudged guilty" was correctable by judgment *nunc pro tunc* and did not render conviction invalid); *Bell v. State*, 407 S.W.2d 225, 226 (Tex. Crim. App. 1966) (defendant urged portion of indictment alleging prior conviction should be struck because it did not sufficiently inform him of charged offense; judgment could have been reformed and was not void); *Shipley*, 828 S.W.2d at 478 (infirmities such as irregularity in judgment or sentence may cause conviction to be erroneous and voidable, but do not render conviction void); *Porter v. State*, 757 S.W.2d 889, 891 (Tex. App.–Beaumont 1988, no pet.) ("failure to adhere to the requirements of *article 42.01* does not render a conviction void, but merely voidable"); *Love v. State*, 730 S.W.2d 385, 397 (Tex. App.–Fort Worth 1987, no pet.) (documents not meeting requirements of arts. 42.01 and 42.02 were correctable by *nunc pro tunc* entry and not void); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.–Corpus Christi 1982, pet. ref'd) (error indicating prior offense committed after date of conviction did not render judgment void but was correctable by *nunc pro tunc* entry).

Appellant cites to *Smith v. State*, 1 S.W.3d 261 (Tex. App.–Texarkana 1999, pet. ref'd), to support his argument. However, in both *Smith* and the case on which it relies, *Renshaw v. State*, 981 S.W.2d 464 (Tex. App.–Texarkana 1998, pet. ref'd), the defendants challenged the sufficiency of the evidence proving the alleged prior convictions. The *Smith* and *Renshaw* courts had before them the entire record of evidence and neither the exhibits nor the State's witnesses

4

established that the alleged prior offenses occurred within ten years of the charged offenses. *Smith*, 1 S.W.3d at 263; *Renshaw*, 981 S.W.2d at 465. Here, we have no record from the hearing on appellant's motion to suppress that would allow us to review whether the exhibits or testimony established that the prior offense was committed within ten years of the subject offense. Appellant does not allege that the evidence produced at the pre-trial hearing was insufficient to establish that the prior offense was committed less than ten years before June 17, 1999. He only attacks the prior conviction as being void on its face.

As discussed above, the omission of which appellant complains did not render the prior conviction facially void. *See Jones*, 795 S.W.2d at 202; *Smith*, 1 S.W.3d at 263. Furthermore, we do not have before us a record from the evidentiary hearing to determine exactly what appellant argued before the trial court, nor do we have a copy of the prior conviction to examine. Appellant has not met his burden of demonstrating the prior conviction suffered from a fatal defect. We overrule appellant's issue on appeal and affirm the conviction.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   May 3, 2001

Do Not Publish