Ronald Dean RENSHAW, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–97–00210–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 20, 1998.

Decided Oct. 21, 1998.

Discretionary Review Refused Feb. 3, 1999.

Lew Dunn, Longview, for appellant.

William M. Jennings, Greg County Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Ronald Renshaw appeals from his conviction for driving while intoxicated. Upon proof that he had previously been twice convicted for DWI, the jury assessed his punishment at ninety-nine years' imprisonment.[1]

---

1. TEX. PENAL CODE ANN. § 49.09 (Vernon Supp. 1998) provides that upon proof of two prior DWI convictions for offenses committed within ten years of the present prosecution, the offense is elevated to a third degree felony, which is a two to ten year range of punishment. The present case was further enhanced under the general enhancement statute by proof of additional felony convictions to a habitual offender punishment level of twenty-five to ninety-nine years. TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.1998).

Renshaw contends on appeal that there was no or insufficient evidence to prove that he had committed two prior DWI offenses within the last ten years and that the State failed to provide him with exculpatory material. He also contends that the court erred by permitting an undisclosed witness to testify, by refusing to hold a competency hearing, by permitting witnesses to testify without a showing of expertise, by admitting evidence from tests without proof of their reliability, by admitting evidence that Renshaw refused to submit a breath sample, by sending an instruction to the jury permitting it to convict on an theory not contained in the indictment, and by overruling his objection to a portion of the punishment charge discussing the effect of parole and good time credit.

We first review the adequacy of proof that Renshaw was convicted of two prior intoxication offenses that were committed within ten years before the case at bar. In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia*[2] and *Geesa v. State,*[3] and look to see whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

██ Renshaw contends that the evidence is insufficient to support his conviction because there is no evidence of the two precursor offenses that must be proven in order to raise the present prosecution from a misdemeanor to felony level. The prior offenses must be proven in accord with Section 49.09(e) of the Penal Code, which reads as follows.

(e) A conviction may not be used for purposes of enhancement under this section if:

(1) the conviction was a final conviction under Subsection (d) [DWI] and was for an offense committed more than 10 years before the offense for which the

person is being tried was committed; and

(2) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated committed within 10 years before the date on which the offense for which the person is being tried was committed.[4]

Before a DWI conviction may be used for enhancement purposes under this section, the offense must have been committed within ten years of the date of the offense at trial.

The proof offered by the State to prove the prior offenses consists of, for each offense, a criminal docket sheet and the related judgment entered in the county court. The docket sheet for cause number 157656 indicates that the case was filed on June 18, 1991, and that sentence was imposed on December 3, 1993. The docket sheet for number 154891 indicates that the case was filed on March 5, 1991, and that sentence was imposed on December 3, 1993. Neither document indicates in any fashion the date that either offense was committed.

The State suggests that the needed information was provided by the arresting officer's testimony. It was not. He testified that when he ran a search on Renshaw it turned up two *convictions* in the preceding ten years. Although correct, it provides no support for the State.

The State also suggests that because the date that the case was filed appears in the docket sheets, we may presume that the offense occurred no more than two years earlier because of the limitations period set out in Article 12.02.[5] This is not necessarily so. Article 12.05(a)[6] provides that limitations are tolled while an accused is absent from the state. Thus, if he was absent from the state, the time elapsed between the offense and the indictment could have been

---

**2.** 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573(197).

**3.** 820 S.W.2d 154 (Tex.Crim.App.1991).

**4.** TEX. PENAL CODE ANN. § 49.09(e).

**5.** TEX.CODE CRIM. PROC. ANN. art. 12.02 (Vernon 1977).

**6.** TEX.CODE CRIM. PROC. ANN. art. 12.05(a) (Vernon 1977).

substantially more than the requisite two years. In addition, we are regularly confronted with situations where a defendant has been re-indicted for various reasons. Often a new docket sheet is prepared for the re-indictment which does not reflect the date of its original filing, but only the date that the re-indictment was filed.

Further, even if we presumed that the date of filing indicated on the docket sheet was correct, that is not proof that the case was actually filed within the applicable statute of limitations.[7]

█ The State also suggests that it had no duty to prove the date of the prior offenses because this type of situation is similar to a limitations situation-thus it was the defendant's duty to raise the issue if he wished to show that he did **not** commit the other offenses during the ten year period.

This argument does not survive close examination. This court has previously held that prior DWI convictions alleged to elevate a primary offense to a felony are jurisdictional and not purely enhancement paragraphs.[8] Prior misdemeanor DWI's are part of the proof at the guilt/innocence stage for a felony DWI prosecution.[9] In order, therefore, to place a defendant in the category necessary to permit the State to prosecute him for felony DWI, the State must prove the existence of two prior convictions for DWI and that the crimes were committed within ten years of the crime at bar. Accordingly, in order to successfully prosecute the crime,

the State must provide proof not that the defendant is a felon, but that he was convicted of a particular type of crime on two occasions.

In the present case, the State had the burden of showing two prior DWI convictions as a part of the case-in-chief.[10]

As an element of the offense, the date of the commission of the two prior offenses is an evidentiary matter which the State must prove during the trial of the defendant. Thus, a review of the record is necessary to determine whether the State did in fact prove that the two prior offenses occurred within ten years of the primary offense.[11]

There is no evidence that Renshaw committed the two intoxication offenses during the ten years preceding the primary offense for which he was being tried. Accordingly, the evidence is insufficient to support the verdict. The point of error is sustained. Because of our disposition of this argument, we need not address the remaining arguments in this case.

█ Because we have concluded that the trier of fact could not have found an essential element of this offense because there is no evidence of an element of the case which must be proven by the State, we would generally render a judgment of acquittal.

In this particular situation, however, there is authority to the contrary. In *Ex parte Arnold*, the Court reviewed a situation very similar to that before us. In that case, a convicted defendant sought *habeas corpus* based upon his contention that the trial court was not authorized to convict him of a subsequent offense of driving while intoxicated, because the State had failed to prove the existence of a prior offense. The Court agreed, and found him entitled to partial relief since the court was authorized to convict for the lesser included offense only.[12]

---

7. This argument has even more validity in light of the recent case of *Proctor & Lemell v. State*, 967 S.W.2d 840 (Tex.Crim.App.1998). The Court held that the issue of limitations is not fundamental, but is in the nature of a rule and may therefore be waived if the defendant does not raise the defense at trial.

8. *Addington v. State*, 730 S.W.2d 788, 790 (Tex. App.-Texarkana 1987, pet. ref'd).

9. *Will v. State*, 794 S.W.2d 948, 953 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd).

10. *Hampton v. State*, 977 S.W.2d 467 (Tex.App.-Texarkana 1998, pet.filed).

11. *Ex parte Arnold*, 574 S.W.2d 141, 142 (Tex. Crim.App.1978); *McKenzie v. State*, 159 Tex. Crim. 345, 263 S.W.2d 562 (1953); *Freeman v. State*, 733 S.W.2d 662, 664 (Tex.App.-Dallas 1987, pet. ref'd).

12. *Ex parte Arnold*, 574 S.W.2d 141, 142 (*citing Evans v. State*, 402 S.W.2d 756 (Tex.Crim.App. 1966)); *McKenzie v. State*, 159 Tex.Crim. 345, 263 S.W.2d 562.

The court concluded that although a judgment of conviction for the felony was entered, the error related essentially to punishment, and set aside the judgment, instructing the trial court to enter a judgment of conviction for the misdemeanor offense and assess punishment accordingly.

Since the time that the *Arnold* opinion was written, the intoxication statute has been re-written. The former statute stated that if previous convictions were proven, then the offender was subject to a higher level of punishment.[13] The current version states that if the offender is proven to have been previously convicted, then the offense is a third degree felony.[14] Despite the changed terminology, the difference between the greater and lesser version of the offense remains the level of punishment imposed for the same action, as changed by the number of previous offenses properly proven.

We believe the procedure used in *Arnold* remains the proper resolution of this appeal. Accordingly, we reverse the judgment and order the trial court to enter a reformed judgment of conviction for a misdemeanor class B offense[15] and remand to the trial court for the appropriate assessment of punishment and sentencing. This does not preclude consideration of evidence, stipulation, or plea on the other two felony convictions in the resentencing process.[16]

---

13. Formerly found in Tex. Health & Safety Code Ann. Art. 6701*l*–1(d), (e).

14. Tex. Penal Code Ann. 49.09.

15. Tex. Penal Code Ann. § 49.04 (Vernon 1994 & Supp.1998).

16. Tex. Penal Code Ann. § 12.43(b) (Vernon Supp. 1998). Renshaw pled true to two felony convictions (other than the two DWI convictions), which he has not contested or appealed. Thus, his resentencing will be as a habitual offender under the misdemeanor statute.