Joseph Donald SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00255–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 16, 1999.

Decided Aug. 17, 1999.

Rehearing Overruled Sept. 1, 1999.

Ebb B.Mobley, Longview, for appellant.

Tim Cone, Dist. Atty., Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Joseph Donald Smith appeals his conviction, after jury trial, for felony driving while intoxicated, third offense. He was sentenced by the court to eight years' confinement in the Texas Department of Criminal Justice, Institutional Division, and a fine of $3,500.

Smith's sole issue on appeal is that the State failed to produce legally sufficient evidence to sustain his conviction. Specifically, he contends that proof of his prior D.W.I. convictions, necessary to enhance his offense from a Class A misdemeanor to a felony, was insufficient as a matter of law.

Trooper Morris Edward Belt of the Texas Department of Public Safety testified that on January 1, 1998, he stopped Smith's vehicle for a license plate lighting violation, on U.S. Highway 259 near FM Road 726 in Upshur County, Texas. Belt noticed a strong odor of alcohol as he approached the vehicle, with Smith still inside. Belt accompanied Smith to the rear of the vehicle, and Belt testified the strong odor of alcohol was still present. Smith told Belt that he had had five or six beers, that he had been working on his car earlier that day, and that was when he started drinking. Belt conducted field sobriety tests, including a horizontal gaze nystagmus test, which Smith failed. Smith refused a breath test. A field videotape was made and shown to the jury.

Daniel Wayne Christian, a Wood County probation officer, identified State's exhibit 3 as an order of the County Court of Wood County, Texas, dated July 10, 1990, granting misdemeanor probation for D.W.I., second offense, to Joseph Donald Smith. Christian also identified Smith in the courtroom as the same individual named in State's exhibit 3. As appellant's brief correctly points out, State's exhibit 3 does not contain the date of the offense for which the sentence therein was imposed, and Christian's testimony does not mention or reveal the date of the offense therein.

Ron Benge, who worked with the Upshur County Sheriff's Department, was qualified as a fingerprint expert. Benge identified State's exhibit 4 as the record of a D.W.I. conviction in case number 90–312, Van Zandt County, Texas, *State of Texas vs. Joseph Donald Smith.* Benge compared the fingerprints on exhibit 4 with prints of Smith which he had personally observed being taken at the Upshur County jail. He testified that there was no doubt in his mind that the print on the Van Zandt County judgment was Smith's. State's exhibit 4 *does* contain the date of the offense, to wit, April 13, 1990.

Smith challenges the sufficiency of the proof of the two prior convictions, arguing that the State had failed to prove the two prior D.W.I. offenses necessary for enhancement to a felony.

The applicable statutes are as follows:

(a) A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.

(b) Except as provided by subsection (c) and Section 49.09, an offense under this section is a Class B misdemeanor. . . .

TEX. PEN.CODE ANN. § 49.04(a), (b) (Vernon 1994 & Supp.1999).

(b) If it is shown on the trial of an offense under Section 49.04 . . . that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated, . . . the offense is a felony of the third degree.

. . . .

(e) A conviction may not be used for purposes of enhancement under this section if:

(1) the conviction was a final conviction under Subsection (d) and was an offense committed more than 10 years before the offense for which the person is being tried was committed; and

(2) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated committed within 10 years before the date on which the offense for which the person is being tried was committed.

TEX. PEN.CODE ANN. § 49.09(b), (e) (Vernon Supp.1999).

Smith cites *Renshaw v. State*, 981 S.W.2d 464 (Tex.App.-Texarkana 1998, pet. ref'd). In that case, the proof of the two prior D.W.I. convictions offered by the State consisted of, for each offense, criminal docket sheets and related judgments entered in county court. Both showed the dates of filing and sentencing, but *neither* showed the date the offense had been committed. *Id.* at 465. This Court held that proof of the prior misdemeanor D.W.I. convictions necessary to raise the alleged primary offense to a felony was jurisdictional. In order to successfully prosecute

the defendant for felony D.W.I., this Court held that the State was required to prove two prior D.W.I. convictions and that the offenses were committed within ten years of the date of trial for the offense charged. *Id.* at 466. This Court held that the State had produced no evidence that the defendant had committed the two intoxication offenses within ten years of the offense for which he had been charged. The judgment was reversed, and the case was remanded to the trial court to enter a reformed judgment of conviction for a Class B misdemeanor offense. *Id.* at 467.

The State's evidence shows that the date of one of Smith's prior offenses was proven (State's exhibit 4, the Van Zandt County offense). The date of the other offense was not (State's exhibit 3, the Wood County offense). The date of the Wood County offense does not appear on the written record of the conviction introduced in the trial court and the testimony does not show the date of the offenses. The State shows that the judgment in the Van Zandt County D.W.I. offense was dated May 4, 1990, for an offense committed *April 13, 1990.*

Under the plain language of the code provision, Smith's other prior conviction can be used to enhance since it takes *both* subsections (1) *and* (2) of Section 49.09(e) to disqualify the prior conviction from being usable for enhancement by reason of the passage of time.

The State correctly points out that dicta in the *Renshaw* case is in error in stating that the State would have to prove *two prior D.W.I. convictions within the stated ten-year period.* The statute requires the State to prove only one prior D.W.I. conviction in the ten-year period and one other prior D.W.I. conviction, not subject to the ten-year limiting period.

In the case at bar, that the record of the Wood County conviction does not contain the date of the offense does not exclude its introduction, because the date of the Van Zandt County conviction was shown to

have been "within 10 years [April 13, 1990] before the date on which the offense for which the person [Smith] is being tried was committed [January 1, 1998]." The Wood County offense was properly used by the trial court to enhance the offense to a third degree felony, in accordance with the applicable provisions of the Texas Penal Code.

The judgment is affirmed.