No. 04-01-00321-CR



Rudy Garza PENA,


Appellant


v.


STATE of Texas,

Appellee


From the 186th Judicial District Court, Bexar County, Texas

Trial Court No. 2000-CR-3810

Honorable Sam Katz, Judge Presiding


Memorandum Opinion



Opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: April 24, 2002


DISMISSED IN PART AND AFFIRMED IN PART 


 Rudy Garza Pena was convicted of driving while intoxicated (DWI) and sentenced
to six years imprisonment, probated for six years. Because the issues in this appeal involve
the application of well-settled principles of law, we dismiss part of Pena's appeal and
overrule his remaining issue in this memorandum opinion. Tex. R. App. P. 47.1. We affirm
the conviction for the following reasons:

 1. In his first and third issues, Pena raises a legal sufficiency challenge and claims
ineffective assistance of counsel. Because Pena pleaded nolo contendere and was sentenced
within the agreed plea recommendation, he must comply with the notice provisions of Texas
Rule of Appellate Procedure 25.2(b)(3) to perfect the appeal. Cooper v. State, 45 S.W.3d
77, 78-79 (Tex. Crim. App. 2001). Rule 25.2(b)(3) requires such a defendant in the notice
of appeal to: 1) specify that the appeal is for a jurisdictional defect; 2) specify that the
substance of the appeal was raised by written motion and ruled on before trial; or 3) state that
the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3). The failure to
follow Rule 25.2(b)(3) deprives an appellate court of jurisdiction over the appeal. White v.
State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001). Pena's notice of appeal provides that
he appeals, with permission from the trial court, a substantive and jurisdictional defect
arising from the denial of his motion in arrest of judgment. Because we have no jurisdiction
to consider Pena's legal sufficiency challenge or his ineffective assistance of counsel claim,
we dismiss his first and third issues. 

 2. In his second issue, Pena challenges the denial of his motion in arrest of judgment,
claiming the indictment fails to allege the felony offense of driving while intoxicated. The
indictment alleges Pena has been convicted of DWI twice before the April 17, 2000 offense
- once on July 20, 1987 and again on February 2, 1993. Pena argues that because the July
20, 1987 conviction occurred more than ten years before the current offense, it cannot be
used to support a felony DWI conviction. Ordinarily, DWI is a Class B misdemeanor. Tex.
Pen. Code Ann. § 49.04(b) (Vernon Supp. 2002). The law governing Pena's 2000 DWI
offense provides that two prior DWI convictions may elevate a third DWI offense from a
Class B misdemeanor to a third-degree felony so long as not all of the prior DWI convictions
are more than ten years old. Act of Apr. 25, 1995, 74th Leg., R.S., ch. 76, § 14.56, 1995 Tex.
Gen. Laws 841 (amended 2001) (current version at Tex. Pen. Code Ann. § 49.09(b);
49.09(e)); Smith v. State, 1 S.W.3d 261, 263 (Tex. App.-Texarkana 1999, pet. ref'd). In this
case, although one of Pena's prior DWI convictions is more than ten years old, the other is
not; therefore, the allegations in the indictment support a felony DWI conviction. We
overrule Pena's second issue and affirm the judgment of the trial court. 

 

 PAUL W. GREEN,

 JUSTICE

DO NOT PUBLISH