**David A. BOWER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–00–00440–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 31, 2002.

Frances Nortcutt, Houston, for Appellant.

Alan Curry, Asst. Dist. Atty., Houston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA.

## OPINION

SAM NUCHIA, Justice.

A jury found appellant guilty of felony driving while intoxicated (DWI), and sentenced him to 60 years imprisonment. We affirm.

### Background

Appellant was charged with felony DWI. At trial, the State read the indictment which contained two enhancement paragraphs alleging two prior DWI convictions. Appellant pleaded true to the enhancement paragraphs and stipulated to the two prior DWI convictions even though the commission dates of the prior convictions were not mentioned.

In one point of error, appellant argues that the evidence is legally insufficient to prove that appellant committed felony DWI. Specifically, appellant maintains that the evidence was insufficient to prove that at least one of the DWI offenses alleged in the enhancement paragraphs was committed within 10 years from the date of the charged offense, in compliance with Texas Penal Code section 49.09(e).

### Standard of Review

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

### DWI

Section 49.04 provides that a person commits DWI if the person is intoxicated while operating a motor vehicle. TEX. PEN. CODE ANN. § 49.04(a) (Vernon Supp.2002). The offense is a Class B misdemeanor unless its an offense under section 49.09. *Id.* § 49.04(b). Section 49.09(b) provides that a defendant may be tried as a felon if he has two prior convictions for DWI. Act of April 22, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3697 (amended 2001) (current version at TEX. PEN.CODE ANN. § 49.09(b) (Vernon Supp.2002)). Section 49.09(e) contains a remoteness limitation that requires one of the prior convictions to have been committed within 10 years of the present offense. Act of April 4, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2743 (amended 2001) (current version at TEX. PEN.CODE ANN. § 49.09(e)(1)(2) (Vernon Supp.2002)). The prior intoxication-related offenses are elements of the offense of DWI. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex.Crim.App. 1999).

Here, the State's indictment alleged two DWI convictions to enhance the offense to a third degree felony, but it did not contain the dates of commission for the prior DWI convictions. The State did not introduce evidence of the commission dates of the prior DWI offenses during the guilt/innocence stage of trial.[1] Appellant pled "True" to the two enhancement paragraphs alleging the prior DWI convictions, in which he was convicted on June 7th, 1994, and October 5, 1987, respectively.

On appeal, appellant argues that the State presented legally insufficient evidence of felony DWI because there was no evidence of the commission dates of the prior DWI convictions. Appellant argues that the State was required to present evidence of the commission dates of the prior DWI convictions in accordance with two cases out of the Texarkana Court of Appeals. *See Renshaw v. State*, 981 S.W.2d 464 (Tex.App.-Texarkana 1998, pet. ref'd) and *Smith v. State*, 1 S.W.3d 261 (Tex.App.-Texarkana 1999, pet. ref'd).

Discussing its holding in *Renshaw*, the court, in *Smith*, noted:

> This Court held that *proof* of the prior misdemeanor D.W.I. convictions necessary to raise the alleged primary offense to a felony was *jurisdictional.* In order to successfully prosecute [a] defendant for felony D.W.I., this Court held that the State *was required* to *prove* two prior D.W.I. convictions *and that the offenses were committed within ten years of the date of trial* for the offense charged.

*Smith*, 1 S.W.3d at 263 (emphasis added). In *Renshaw*, the court held:

> This court has previously held that prior DWI convictions alleged to elevate a primary offense to a felony are *jurisdictional* and not purely enhancement paragraphs. Prior misdemeanor DWI's are part of the proof at the guilt/innocence stage for a felony DWI conviction. In order, therefore, *to place a defendant in the category necessary to permit the State to prosecute him for felony DWI,* the State *must prove* the existence of two prior convictions for DWI and that the

---

**1.** State's exhibit four was offered and admitted during the punishment phase of trial. This exhibit proved that one of appellant's

prior DWI offenses occurred on October 16, 1992, within the ten year period.

crimes were committed within ten years of the case at bar.

*Renshaw,* 981 S.W.2d at 466.

 We believe *Smith* and *Renshaw* are wrong for two reasons. First, both cases seem to imply that proper *proof* of two felony DWI convictions is necessary to invest felony jurisdiction on a district court. This is not the law. The constitutional requisites for an indictment established by article V, section 12(b) of the Texas Constitution are satisfied by a written instrument accusing a person of the commission of a criminal offense with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective. *Duron v. State,* 956 S.W.2d 547, 550–51 (Tex.Crim. App.1997). It is the presentment of a constitutionally sufficient indictment to a court that invests the court with jurisdiction over a cause. *See Cook v. State,* 902 S.W.2d 471, 475 (Tex.Crim.App.1995).

Here, the State presented an indictment with enhancement paragraphs alleging two prior DWI convictions. If the State's *proof* at trial had been defective, the defendant might then have been entitled to an instruction on a lesser-included offense or an acquittal, but the district court would not have been deprived of jurisdiction.

 Second, the text of the applicable statute logically precludes such a holding. *See* Act of April 22, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3697 (amended 2001); Act of April 4, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2743 (amended 2001). Section 49.09(b) clearly states:

If it is *shown* on the trial of an offense [for DWI] that the person has previously been convicted two times of [DWI] the offense is a felony of the third degree.

Act of April 22, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3697 (amended 2001) (emphasis added). Thus, in order to successfully prosecute a defendant for felony DWI, subsection (b) simply requires the State to show the fact finder that a defendant has been twice convicted of DWI.

Section 49.09(e) clearly states:

A conviction *may not be used for purposes of enhancement* under this section if:

(1) the conviction was a final conviction under Subsection (d) and *was for an offense committed more than 10 years before the offense for which the person is being tried was committed;* and

(2) the person has not been convicted of [DWI] ... within 10 years before the date on which the offense for which the person is being tried was committed.

Act of April 4, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2743 (amended 2001) (emphasis added). The obvious purpose of subsection (e) is to prevent the State from sending a person to prison for the offense of DWI when that person has not had any DWI convictions in the previous ten years. Subsection (e) simply prohibits the State from using a conviction over ten years old to enhance a misdemeanor DWI into a felony DWI where the defendant has not been convicted of DWI in the meantime. In other words, the State may not use such a stale DWI conviction *to show* the fact finder, under subsection (b), that a defendant has twice been convicted of DWI.

This is quite different from a punishment enhancement for an individual charged with a first degree felony with two prior felony convictions:

If it is *shown* on the trial of a felony offense ... that the defendant has previ-

ously been finally convicted of two felony offenses, *and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final,* on conviction he shall be punished by imprisonment ... for life, or for any term of not more than 99 years or less than 25 years.

TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2002) (emphasis added). Here, the statute specifically requires that the State *show* the fact finder that defendant was twice convicted of felony offenses *and* that the second previous felony conviction occurred after the first conviction became final.

■ Unlike section 12.42(d) which requires that the State show something more than two prior felony convictions, section 49.09(b) simply requires the State to show the fact finder that a defendant has been twice convicted of DWI, nothing more and nothing less. If the legislature had intended to require the State to show the fact finder that a felony DWI defendant's two prior DWI convictions were committed within ten years of the date of the offense for which he is being tried, it could have expressly required it.

If the State had attempted to use such a stale DWI conviction in an enhancement paragraph, appellant could have easily moved to quash the indictment. At trial, appellant's remedy would have been to timely object, based on section 49.09(e), to the admission of the convictions and/or request an instruction on the lesser included offense of misdemeanor DWI.

■ Here, appellant not only pled true to the enhancement allegations, but also stipulated to the admission of the convictions. Thus, with appellant's consent, the State proved what it was required to prove. *See* Act of April 22, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen.

Laws 3697 (amended 2001); *Tamez v. State,* 11 S.W.3d 198, 202 (Tex.Crim.App. 2000) (["W]here the defendant agrees to stipulate to the two previous DWI convictions ... the proper balance is struck when the State reads the indictment at the beginning of trial, mentioning only the two jurisdictional prior convictions, but is foreclosed from presenting evidence of the convictions during its case-in-chief."). Accordingly, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant had two prior DWI convictions. *See Jackson,* 443 U.S. at 319, 99 S.Ct. 2781, 61 L.Ed.2d 560.

We overrule appellant's sole point of error.

## Conclusion

We affirm the judgment of the trial court.

ADELE HEDGES, Justice, dissenting.

The majority concludes that the State presented legally sufficient evidence of felony DWI. For the following reasons, I respectfully dissent.

At trial, the State read the indictment which contained two prior convictions. Appellant stipulated to the two prior DWI convictions even though the commission dates of the prior convictions were absent from the indictment.

In order to prosecute appellant for a felony DWI, the State had to prove: (1) one prior DWI offense occurred within the past ten years; and (2) one other prior DWI conviction, which would not be subject to the ten-year limiting period. *See Smith v. State,* 1 S.W.3d 261, 263 (Tex. App.-Texarkana 1999, pet. ref'd). Here, the State's indictment alleged two DWI convictions to enhance the offense to a third degree felony. However, the indictment did not contain the dates of commis-

sion for the prior DWI convictions, and the State did not introduce evidence of the commission dates during the guilt/innocence stage of trial.

As the majority points out, the prior intoxication-related offenses are elements of the offense of DWI. *Gibson v. State,* 995 S.W.2d 693, 696 (Tex.Crim.App.1999). The majority, however, disagrees with the applicability of section 49.09(e). The majority believes that the State was required to show only that there were two prior DWI convictions, thus ignoring the language found in section 49.09(e).

There is precedent contrary to the majority's holding that the date of commission is not an element of the offense. *See Rodriguez v. State,* 31 S.W.3d 359, 364 (Tex.App.-San Antonio 2000, pet. ref'd) (holding that the State must prove an intervening conviction under section 49.09(e)(2) before a remote conviction may be used to enhance an offense under section 49.09(b)); *Smith,* 1 S.W.3d at 263 (holding that the statute requires the State to prove one prior DWI conviction in the ten-year period); *Renshaw v. State,* 981 S.W.2d 464, 466 (Tex.App.-Texarkana 1998, pet. ref'd).

In *Renshaw,* the State presented evidence regarding the necessary prior convictions but did not indicate when either offense was committed. *Renshaw,* 981 S.W.2d at 465. The defendant argued that there was no evidence of his two prior DWI offenses, which were necessary to raise his offense from misdemeanor DWI to felony DWI. *Id.* The State argued that, "it had no duty to prove the date of the prior offenses because this type of situation is similar to a limitations situation-thus it was the defendant's duty to raise the issue if he wished to show that he did not commit the other offenses during the ten year period." *Id.* at 466.

The Texarkana Court of Appeals opined that the State's argument did not survive

close examination. *Id.* "In order, therefore, to place a defendant in the category necessary to permit the State to prosecute him for felony DWI, the State must prove the existence of two prior convictions for DWI and that the crimes were committed within ten years of the crime at bar." *Id.* As part of its case-in-chief, the State had the burden of showing two prior DWI convictions. *Id.* "As an element of the offense, the date of the commission of the two prior offenses is an evidentiary matter which the State must prove during the trial of the defendant." *Id.*

Moreover, in *Castillo v. State,* the Austin Court of Appeals addressed 49.09(e). No. 03-00-00185-CR, —— S.W.3d —— (Tex.App.-Austin Sept. 13, 2001, pet. filed) (designated for publication). There, the court held that, "absent a jury finding beyond a reasonable doubt that appellant had been convicted of an intoxication offense committed within ten years of the date the charged offense was committed, there was insufficient evidence to elevate the alleged DWI to a felony offense."

I agree with the majority that *Smith* and *Renshaw* are legally incorrect in one respect: the failure of proof of the date of the offense does not implicate the trial court's jurisdiction. But that concession does not alter my view that proof that one of the offenses is no more than ten years old is an element of the offense.

In this case, the State neither presented evidence regarding the dates of commission during the guilt/innocence stage of trial, nor did the indictment contain the necessary dates. By not presenting any evidence concerning the commission dates, I would conclude that the State presented legally insufficient evidence that appellant committed a felony DWI.