In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-00440-CR

____________


DAVID A. BOWER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 836374






O P I N I O N

 A jury found appellant guilty of felony driving while intoxicated (DWI), and
sentenced him to 60 years imprisonment. We affirm.



Background


 Appellant was charged with felony DWI. At trial, the State read the indictment
which contained two enhancement paragraphs alleging two prior DWI convictions. 
Appellant pleaded true to the enhancement paragraphs and stipulated to the two prior
DWI convictions even though the commission dates of the prior convictions were not
mentioned. 

 In one point of error, appellant argues that the evidence is legally insufficient
to prove that appellant committed felony DWI. Specifically, appellant maintains that
the evidence was insufficient to prove that at least one of the DWI offenses alleged
in the enhancement paragraphs was committed within 10 years from the date of the
charged offense, in compliance with Texas Penal Code section 49.09(e). 

Standard of Review


 In reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict to determine if any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781 (1979). 

DWI


 Section 49.04 provides that a person commits DWI if the person is intoxicated
while operating a motor vehicle. Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp.
2002). The offense is a Class B misdemeanor unless its an offense under section
49.09. Id. § 49.04(b). Section 49.09(b) provides that a defendant may be tried as a
felon if he has two prior convictions for DWI. Act of April 22, 1993, 73rd Leg., R.S.,
ch. 900, § 1.01, 1993 Tex. Gen. Laws 3697 (amended 2001) (current version at Tex.
Pen. Code Ann. § 49.09(b) (Vernon Supp. 2002)). Section 49.09(e) contains a
remoteness limitation that requires one of the prior convictions to have been
committed within 10 years of the present offense. Act of April 4, 1995, 74th Leg.,
R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2743 (amended 2001) (current version at
Tex. Pen. Code Ann. § 49.09(e)(1)(2) (Vernon Supp. 2002)). The prior intoxication-related offenses are elements of the offense of DWI. Gibson v. State, 995 S.W.2d
693, 696 (Tex. Crim. App. 1999). 

 Here, the State's indictment alleged two DWI convictions to enhance the
offense to a third degree felony, but it did not contain the dates of commission for the
prior DWI convictions. The State did not introduce evidence of the commission dates
of the prior DWI offenses during the guilt/innocence stage of trial. (1) Appellant pled
"True" to the two enhancement paragraphs alleging the prior DWI convictions, in
which he was convicted on June 7th, 1994, and October 5, 1987, respectively. 

 On appeal, appellant argues that the State presented legally insufficient
evidence of felony DWI because there was no evidence of the commission dates of
the prior DWI convictions. Appellant argues that the State was required to present
evidence of the commission dates of the prior DWI convictions in accordance with
two cases out of the Texarkana Court of Appeals. See Renshaw v. State, 981 S.W.2d
464 (Tex. App.--Texarkana 1998, pet. ref'd) and Smith v. State, 1 S.W.3d 261 (Tex.
App.--Texarkana 1998, pet. ref'd). 

 Discussing its holding in Renshaw, the court, in Smith, noted: 

This Court held that proof of the prior misdemeanor D.W.I.
convictions necessary to raise the alleged primary offense
to a felony was jurisdictional. In order to successfully
prosecute [a] defendant for felony D.W.I., this Court held
that the State was required to prove two prior D.W.I.
convictions and that the offenses were committed within
ten years of the date of trial for the offense charged.


Smith, 1 S.W.3d at 263 (emphasis added). In Renshaw, the court held:

This court has previously held that prior DWI convictions
alleged to elevate a primary offense to a felony are
jurisdictional and not purely enhancement paragraphs. 
Prior misdemeanor DWI's are part of the proof at the
guilt/innocence stage for a felony DWI conviction. In
order, therefore, to place a defendant in the category
necessary to permit the State to prosecute him for felony
DWI, the State must prove the existence of two prior
convictions for DWI and that the crimes were committed
within ten years of the case at bar.


Renshaw, 981 S.W.2d at 466.


 We believe Smith and Renshaw are wrong for two reasons. First, both cases
seem to imply that proper proof of two felony DWI convictions is necessary to invest
felony jurisdiction on a district court. This is not the law. The constitutional
requisites for an indictment established by article V, section 12(b) of the Texas
Constitution are satisfied by a written instrument accusing a person of the
commission of a criminal offense with enough clarity and specificity to identify the
penal statute under which the State intends to prosecute, even if the instrument is
otherwise defective. Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App.
1997). It is the presentment of a constitutionally sufficient indictment to a court that
invests the court with jurisdiction over a cause. See Cook v. State, 902 S.W.2d 471,
475 (Tex. Crim. App. 1995). 

 Here, the State presented an indictment with enhancement paragraphs alleging
two prior DWI convictions. If the State's proof at trial had been defective, the
defendant might then have been entitled to an instruction on a lesser-included offense
or an acquittal, but the district court would not have been deprived of jurisdiction.

 Second, the text of the applicable statute logically precludes such a holding. 
See Act of April 22, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws
3697 (amended 2001); Act of April 4, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex.
Gen. Laws 2743 (amended 2001). Section 49.09(b) clearly states:

 If it is shown on the trial of an offense [for DWI] that the person has
previously been convicted two times of [DWI] the offense is a felony of
the third degree. 


Act of April 22, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3697
(amended 2001) (emphasis added). Thus, in order to successfully prosecute a
defendant for felony DWI, subsection (b) simply requires the State to show the fact
finder that a defendant has been twice convicted of DWI. 

 Section 49.09(e) clearly states: 

 A conviction may not be used for purposes of enhancement under this
section if:



 the conviction was a final conviction under Subsection (d) and
was for an offense committed more than 10 years before the
offense for which the person is being tried was committed; and 




 the person has not been convicted of [DWI] . . . within 10 years
before the date on which the offense for which the person is being
tried was committed. 



Act of April 4, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2743
(amended 2001) (emphasis added). The obvious purpose of subsection (e) is to
prevent the State from sending a person to prison for the offense of DWI when that
person has not had any DWI convictions in the previous ten years. Subsection (e)
simply prohibits the State from using a conviction over ten years old to enhance a
misdemeanor DWI into a felony DWI where the defendant has not been convicted of
DWI in the meantime. In other words, the State may not use such a stale DWI
conviction to show the fact finder, under subsection (b), that a defendant has twice
been convicted of DWI.

 This is quite different from a punishment enhancement for an individual
charged with a first degree felony with two prior felony convictions:

 If it is shown on the trial of a felony offense . . . that the defendant has
previously been finally convicted of two felony offenses, and the second
previous felony conviction is for an offense that occurred subsequent to
the first previous conviction having become final, on conviction he shall
be punished by imprisonment . . . for life, or for any term of not more
than 99 years or less than 25 years.


Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2002) (emphasis added). Here, the
statute specifically requires that the State show the fact finder that defendant was
twice convicted of felony offenses and that the second previous felony conviction
occurred after the first conviction became final. 

 Unlike section 12.42(d) which requires that the State show something more
than two prior felony convictions, section 49.09(b) simply requires the State to show
the fact finder that a defendant has been twice convicted of DWI, nothing more and
nothing less. If the legislature had intended to require the State to show the fact
finder that a felony DWI defendant's two prior DWI convictions were committed
within ten years of the date of the offense for which he is being tried, it could have
expressly required it. 

 If the State had attempted to use such a stale DWI conviction in an
enhancement paragraph, appellant could have easily moved to quash the indictment. 
At trial, appellant's remedy would have been to timely object, based on section
49.09(e), to the admission of the convictions and/or request an instruction on the
lesser included offense of misdemeanor DWI. 

 Here, appellant not only pled true to the enhancement allegations, but also
stipulated to the admission of the convictions. Thus, with appellant's consent, the
State proved what it was required to prove. See Act of April 22, 1993, 73rd Leg.,
R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3697 (amended 2001); Tamez v. State, 11
S.W.3d 198, 202 (Tex. Crim. App. 2000) (["W]here the defendant agrees to stipulate
to the two previous DWI convictions . . . the proper balance is struck when the State
reads the indictment at the beginning of trial, mentioning only the two jurisdictional
prior convictions, but is foreclosed from presenting evidence of the convictions
during its case-in-chief."). Accordingly, we conclude that a rational trier of fact could
have found beyond a reasonable doubt that appellant had two prior DWI convictions. 
See Jackson, 443 U.S. at 319, 99 S. Ct. 2781. 

 We overrule appellant's sole point of error.




Conclusion


 We affirm the judgment of the trial court.


 Sam Nuchia

 Justice



Panel consists of Chief Justice Schneider and Justices Hedges and Nuchia.


Justice Hedges dissenting.


Publish. Tex. R. App. P. 47.
1. State's exhibit four was offered and admitted during the punishment phase of
trial. This exhibit proved that one of appellant's prior DWI offenses occurred
on October 16, 1992, within the ten year period.