In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-00440-CR

____________


DAVID A. BOWER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 836374






DISSENTING OPINION

 The majority concludes that the State presented legally sufficient evidence of
felony DWI. For the following reasons, I respectfully dissent.

 At trial, the State read the indictment which contained two prior convictions. 
Appellant stipulated to the two prior DWI convictions even though the commission
dates of the prior convictions were absent from the indictment. 

 In order to prosecute appellant for a felony DWI, the State had to prove: (1)
one prior DWI offense occurred within the past ten years, and (2) one other prior
DWI conviction, which would not be subject to the ten-year limiting period. See
Smith v. State, 1 S.W.3d 261, 263 (Tex. App.--Texarkana 1999, pet. ref'd). Here, the
State's indictment alleged two DWI convictions to enhance the offense to a third
degree felony. However, the indictment did not contain the dates of commission for
the prior DWI convictions, and the State did not introduce evidence of the
commission dates during the guilt/innocence stage of trial. 

 As the majority points out, the prior intoxication-related offenses are elements
of the offense of DWI. Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim. App.
1999). The majority, however, disagrees with the applicability of section 49.09(e). 
The majority believes that the State was required to show only that there were two
prior DWI convictions, thus ignoring the language found in section 49.09(e). 

 There is precedent contrary to the majority's holding that the date of
commission is not an element of the offense. See Rodriguez v. State, 31 S.W.3d 359,
364 (Tex. App.--San Antonio 2000, pet. ref'd) (holding that the State must prove an
intervening conviction under section 49.09(e)(2) before a remote conviction may be
used to enhance an offense under section 49.09(b)); Smith, 1 S.W.3d at 263 (holding
that the statute requires the State to prove one prior DWI conviction in the ten-year
period); Renshaw v. State, 981 S.W.2d 464, 466 (Tex. App.--Texarkana 1998, pet.
ref'd).

 In Renshaw, the State presented evidence regarding the necessary prior
convictions but did not indicate when either offense was committed. Renshaw, 981
S.W.2d at 465. The defendant argued that there was no evidence of his two prior
DWI offenses, which were necessary to raise his offense from misdemeanor DWI to
felony DWI. Id. The State argued that, "it had no duty to prove the date of the prior
offenses because this type of situation is similar to a limitations situation-thus it was
the defendant's duty to raise the issue if he wished to show that he did not commit the
other offenses during the ten year period." Id. at 466. 

 The Texarkana Court of Appeals opined that the State's argument did not
survive close examination. Id. "In order, therefore, to place a defendant in the
category necessary to permit the State to prosecute him for felony DWI, the State
must prove the existence of two prior convictions for DWI and that the crimes were
committed within ten years of the crime at bar." Id. As part of its case-in-chief, the
State had the burden of showing two prior DWI convictions. Id. "As an element of
the offense, the date of the commission of the two prior offenses is an evidentiary
matter which the State must prove during the trial of the defendant." Id. 

 Moreover, in Castillo v. State, the Austin Court of Appeals addressed 49.09(e).
No. 03-00-00185-CR (Tex. App.--Austin Sept. 13, 2001, pet. filed) (designated for
publication). There, the court held that, "absent a jury finding beyond a reasonable
doubt that appellant had been convicted of an intoxication offense committed within
ten years of the date the charged offense was committed, there was insufficient
evidence to elevate the alleged DWI to a felony offense." 

 I agree with the majority that Smith and Renshaw are legally incorrect in one
respect: the failure of proof of the date of the offense does not implicate the trial
court's jurisdiction. But that concession does not alter my view that proof that one
of the offenses is no more than ten years old is an element of the offense. 

 In this case, the State neither presented evidence regarding the dates of
commission during the guilt/innocence stage of trial, nor did the indictment contain
the necessary dates. By not presenting any evidence concerning the commission
dates, I would conclude that the State presented legally insufficient evidence that
appellant committed a felony DWI. 

 

 Adele Hedges

 Justice


Panel consists of Chief Justice Schneider and Justices Hedges and Nuchia.


Justice Hedges dissenting.

Publish. Tex. R. App. P. 47.