# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-02-00153-CR

---

**Frank D. Crowley, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 50,399, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

---

The district court accepted Frank D. Crowley=s guilty plea to a charge of felony driving while intoxicated. Tex. Pen. Code Ann. ' 49.09(b) (West Supp. 2002). Appellant raises four points of error on appeal, asserting that the district court lacked jurisdiction and that the court should have allowed him to withdraw his plea because it was based on his ineffective first trial counsel=s misstatement of the punishment range. We will affirm the judgment.

In November 1997, the grand jury indicted appellant for DWI on July 10, 1999. The indictment states that

. . . Frank D. Crowley hereinafter styled Defendant, on or about the 10th day of July A.D. 1999, and before the presentment of this Indictment, in County and State aforesaid

after [appellant] did then and there unlawfully, while intoxicated, to wit: by having an alcohol concentration of 0.10 or more, and by not having normal use of mental and physical faculties by reason of the introduction of alcohol into the defendant Frank D. Crowley=s body, did drive and operate a motor vehicle in a public place, to wit: a public road in said county and State, and before the commission of the aforesaid offense

the aforesaid Frank D. Crowley, was duly and legally convicted of the offense of Operating a Motor Vehicle on a Public Road While Intoxicated, in Cause Number 18, 424, on the 18th day of April, 1988, in the County Court at Law #1 of Williamson County, Texas, and,

the said Frank D. Crowley, was duly and legally convicted of the offense of Operating a Motor Vehicle on a Public Road While Intoxicated, in Cause Number 2C84-64,326, on the 3rd day of October, 1984, in the County Court at Law #2 of Bell County, Texas

## Second Paragraph

AND THE GRAND JURORS AFORESAID do further present that before the commission of the aforesaid offense in the First paragraph by the said Frank D. Crowley, to wit: on the 24th day of November A.D., 1992, in the 368th District Court of Williamson County, Texas in Cause Number 92-331-K368, the said Frank D. Crowley was convicted of the felony offense of Driving While Intoxicated

## Third Paragraph

AND THE GRAND JURORS AFORESAID do further present that before the commission of the aforesaid offenses in the First and Second paragraphs by the said Frank D. Crowley, to wit: on the 7th day of June, 1989, in the 27th District Court of Bell County, Texas in Cause Number 37,619, the said Frank D. Crowley was convicted of the felony offense of Driving While Intoxicated.

Appellant pleaded guilty and agreed to the State=s recommendation of a sixteen-year prison term. He then changed counsel and moved to withdraw his plea as involuntary because his previous counsel had misinformed him that the sentencing range was twenty-five to ninety-nine years; although that range is consistent with the habitual felon status indicated by the indictment, appellant argued that the indictment=s

allegations do not support deeming him a habitual felon. The court refused to withdraw the plea and imposed a sentence of sixteen years in prison.

Appellant raises four points of error on appeal. By point one, he contends that the district court lacked jurisdiction over this suit because the indictment did not properly allege a felony. By point two, he complains of the court=s failure to allow him to withdraw his guilty plea. By point three, appellant complains that his plea was not voluntary because it was based on the erroneous advice of counsel. By point four, appellant contends that his counsel was ineffective.

Initially, we must determine whether we can consider the merits of appellant=s points of error. Appeals from judgments rendered on guilty pleas are restricted if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant; the appeal must concern a jurisdictional defect, the subject of a written motion that was ruled on before trial, or a subject on which the trial court has granted permission to appeal. *See* Tex. R. App. P. 25.2(b)(3); *see also* Tex. Code Crim. Proc. Ann. art 26.13(a)(3) (West Supp. 2002). The restrictions on the scope of the appeal apply in this case because the court assessed the punishment the State recommended and appellant agreed to accept. In his amended notice of appeal, appellant asserted that his appeal would concern either a jurisdictional defect or a written motion raised and ruled on before trial. He did not assert court permission as a basis for appeal. *See* Tex. R. App. P. 25.2(b)(3)(C).

Appellant properly perfected appeal on point one because it concerns jurisdiction. *See* Tex. R. App. P. 25.2(b)(3)(A). The remaining points do not raise jurisdictional issues.

For perfection to be proper, the remaining points therefore must concern the substance of a motion overruled before trial. *See* Tex. R. App. P. 25.2(b)(3)(B). The rules and statute do not define when trial begins in a plea-bargain case, but the court of criminal appeals has held that Afor bench trials, jeopardy attaches when both sides have announced ready and the defendant has pled to the charging instrument.@ *State v. Torres*, 805 S.W.2d 418, 421 (Tex. Crim. App. 1991). Jeopardy in a bench trial attaches under the federal constitution when the first witness is called or the court considers a written confession. *Id.* (citations omitted). We conclude that for purposes of Rule 25.2(b)(3), if jeopardy has attached, trial has begun. Therefore, trial began when the court accepted his plea of guilty. Appellant=s subsequently filed motion to withdraw the plea of guilty thus was not filed before trial. Nor were the complaints about the voluntariness of the plea or the ineffectiveness of counsel the subject of a motion filed before trial. Appellant therefore could not perfect appeal on these issues absent consent from the district court. *See, e.g.*, *Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001) (voluntariness of plea not appealable). There is no showing of such consent. Accordingly, we dismiss points two, three, and four.

By his first point, appellant argues that the district court lacked jurisdiction because the first paragraph of the indictment did not properly allege a felony offense. District courts in Bell County have jurisdiction over felonies, but not most misdemeanors.[1] District courts would not have jurisdiction over a

---

[1] District courts have jurisdiction over all cases except those in which exclusive, appellate, or original jurisdiction is conferred by constitution or other law on some other court. Tex. Const. art. 5, ' 8; Tex. Gov=t Code Ann. ' 24.007 (West 1988). The legislature conferred upon county courts exclusive jurisdiction over misdemeanors other than those involving official misconduct. *Id.* ' 26.045(a) (West Supp. 2002). Bell County=s statutory county courts have the same jurisdiction as constitutional county courts. *Id.* '' 25.003(a) & 25.0162(h). Thus, the district court in Bell County has jurisdiction over felony DWI charges, but not misdemeanor DWI charges.

first-time DWI offense because it is a Class A misdemeanor. *See* Tex. Pen. Code Ann. ' 49.04(b) (West Supp. 2002). A DWI offense is a felony only if the State proves that the offender has a previous conviction for intoxication manslaughter (or similar offense in another state) or two prior convictions for DWI (or similar offenses). *See id.* ' 49.09(b). Appellant contends that the State did not allege a felony in the indictment because it failed, in the first paragraph, to allege a conviction obtained within ten years of the instant offense. *See id.* ' 49.09(e).

We conclude that appellant reads the indictment too narrowly. We find no support for the proposition that the predicate convictions must be alleged in the same paragraph of the indictment in order to raise a DWI offense to felony status. The certainty necessary in indictments is as follows:

> An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment . . . .

Tex. Code Crim. Proc. Ann. art. 21.11 (West 1989). The statute does not mandate a particular paragraph structure. The DWI statute does not address indictments, but requires that Ait [be] shown on trial of the offense that the person has been previously convicted@ of two DWI offenses. *See* Penal Code ' 49.09 (b)(2). Case law requires that, Awhen prior convictions are used to elevate what would otherwise be a misdemeanor offense to the level of a felony, they must be pled in the indictment for the trial court to gain jurisdiction.@ *Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000). The second paragraph of the indictment alleges a conviction in 1992. The instant offense occurred within ten years of that conviction.

**5**

The State could therefore use other DWI convictions regardless of their vintage to raise the instant offense to a felony. *See* Penal Code ' 49.09(e)(3); *see also Smith v. State*, 1 S.W.3d 261, 263 (Tex. App.CTexarkana 1999, pet. ref=d). The indictment alleged three additional DWI convictions. The statute requires only two predicate convictions, only one of which must be within ten years of the instant offense. *Id.* The indictment therefore charged appellant with a felony offense sufficiently clearly to confer jurisdiction on the district court. We overrule point one.

Having dismissed or overruled appellant=s points of error, we affirm the conviction and punishment.

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: September 12, 2002

Do Not Publish