**MODIFY, REFORM, and AFFIRM; and Opinion Filed July 16, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-00621-CR
No. 05-17-00622-CR

**JAIME JOEL RUBIO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-41761-I, F16-41762-I**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Schenck

Jaime Joel Rubio appeals his convictions for evading arrest or detention with a prior evading arrest conviction, and for manufacture or delivery of heroin. In two issues, appellant challenges the sufficiency of the evidence to prove he had been convicted of evading arrest as alleged in the indictment so as to elevate the instant evading arrest offense to a state-jail felony, and asks this Court to reform the judgment to delete the assessment of court costs in the evading arrest case. We overrule appellant's sufficiency of the evidence issue and sustain his complaint concerning the imposition of improper costs. We affirm the judgment on manufacture or delivery of heroin. We therefore modify the judgment on evading arrest to remove the erroneously-imposed court costs and affirm that judgement as modified. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

At approximately 1:00 a.m. on October 7, 2016, Mesquite police officers responded to a suspicious person report at the Meri Best Motel. Motel personnel informed the responding officers that a white Chevrolet Tahoe parked in a lot adjoining the motel was occupied but had not moved in hours. The officers approached the Tahoe, to check on the occupant, who was later identified as appellant. Appellant was sleeping in the vehicle and awoke when the officers knocked on the window. When appellant opened the car door, Officer Velasquez noted the odor of marijuana. After appellant exited the vehicle, Officer Velasquez saw what he described as a ziplock baggie on the dash that looked like a "dime bag."[1] appellant ran from the scene and Officers Velasquez and Shedd pursued. When other officers appeared to assist, Officer Velasquez returned to the Tahoe to search the vehicle and found a digital scale, plastic bags, a small black pouch containing heroin, and two pills.

Appellant was charged with manufacture or delivery of a controlled substance—a second-degree felony—and evading arrest or detention with a prior conviction for evading arrest—a state jail felony, enhanced by two prior convictions for possession of a controlled substance with the intent to deliver and aggravated assault of a public servant.[2] He pleaded not guilty to the controlled substance charge, guilty to evading arrest or detention, and not true to the enhancement allegations.

---

[1] A dime bag is generally slang parlance for a $10 bag of marijuana.

[2] The indictment in the evading arrest case read, in part:

> That JAIME JOEL RUBIO, hereinafter called Defendant, on or about the 7th day of October, 2016 in the County of Dallas, State of Texas, did unlawfully, then and there intentionally flee from A. SHEDD, hereinafter called complainant, while complainant was lawfully attempting to arrest and detain the defendant, and the said defendant knew the said complainant was a peace officer and federal special investigator attempting to arrest and detain the said defendant,
>
> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, defendant had been previously, duly, legally and finally convicted of the following offense: The offense of EVADING ARREST/DETENTION in Cause Number F-0858137, entitled the State of Texas v. JAIME JOEL RUBIO, in the 194TH JUDICIAL DISTRICT COURT in DALLAS County, Texas, on or about the 8TH day of SEPTEMBER, A. D. 2008.

Appellant waived his right to a jury in both cases and instead proceeded to a bench trial before the district court. During trial, the court admitted certified copies of the indictment, appellant's judicial confession in the evading arrest case,[3] and the judgment in appellant's prior evading arrest case. The district judge found appellant guilty in each case and found the enhancement paragraphs to be true. The court sentenced appellant to 15 years' imprisonment for evading arrest and to 25 years' imprisonment for manufacture or delivery of heroin. The sentences were ordered to run concurrently. This appeal followed.

## DISCUSSION

In his first issue, appellant argues that there is insufficient evidence to support his conviction for the state jail felony offense of evading arrest or detention claiming the State was require to, and failed to, present evidence of the prior offense during its case-in-chief. *See* TEX. PENAL CODE ANN. §§ 38.04(a), (b).[4] Consequently, he urges the evidence only supports a conviction for the Class A misdemeanor offense of evading arrest.

Appellant contends that the *Jackson v. Virginia*, 443 U.S. 307 (1979) standard of review applies in this case. We disagree. When, as here, a defendant waives his right to a jury and pleads guilty to an offense before the court, our sufficiency review is confined to determining whether sufficient evidence supports the judgment of guilt under article 1.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15; *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). Article 1.15 permits the court to render a conviction only after the

---

[3] The judicial confession contains a handwritten "x" on the prior evading arrest allegation without any initials accepting same. The enhancement paragraphs each contain a handwritten "x" on them acknowledged by initials. Because certified copies of appellant's prior conviction were admitted at trial, we need not determine the effect of the judicial confession and the markings thereon.

[4] Sections 38.04(a) and (b) provide, in part, that a person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him. An offense under this section is a Class A misdemeanor, except that the offense is a state jail felony if the actor has been previously convicted under this section. TEX. PENAL CODE ANN. §§ 38.04(a), (b).

admission of sufficient evidence to support the conviction. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

Appellant relies on *Renshaw v. State*, 981 S.W.2d 464 (Tex. App.—Texarkana 1998, pet. ref'd) and *James v. State*, 997 S.W.2d 898 (Tex. App.—Beaumont 1999, no. pet.), to urge that the prior evading conviction alleged to elevate the primary offense to a felony is jurisdictional and not purely an enhancement paragraph and had to be established during the State's case-in-chief. *Renshaw* and *James* are distinguishable from this case. They involved not-guilty pleas and jury trials in which the guilt-innocence and punishment phases were separated, not a guilty plea and a bench trial in a unified proceeding. *See James*, 997 S.W.2d at 900; *Renshaw*, 981 S.W.2d at 465.

In cases where the defendant waives his right to a jury and enters a guilty plea, there are no longer distinct guilt-innocence and punishment phases of a trial, and both are instead consolidated into one proceeding. *See Barfield v. State*, 63 S.W.3d 446, 449–450 (Tex. Crim. App. 2001). Because there are no longer distinct phases during a plea proceeding, any question concerning the timing during which evidence is submitted to the court no longer informs the sufficiency of evidence. *See id*. Here, the State presented the actual record of appellant's prior conviction during the unitary proceeding, which is sufficient to establish appellant had previously been convicted of evading arrest. *See*, *e.g.*, *Reggie v. State*, No. 12-07-00293-CR, 2008 WL 2122604, at *3 (Tex. App.—Tyler May 21, 2008, no pet.) (mem. op., not designated for publication) (either the actual record of the defendant's prior conviction admitted into evidence at punishment or the defendant's stipulation offered in support of his guilty plea, is sufficient evidence to show the defendant had previously been convicted of evading arrest). We overrule appellant's first issue.

In his second issue, appellant asks this Court to delete court costs from the judgment in his evading arrest case. In a single criminal action such as the one involved here, in which a defendant

is convicted of two or more offenses, the court may assess each court cost or fee only once against the defendant. CRIM. PROC. art. 102.073(a). Appellant argues that the phrase "in a single criminal action" means charges presented in a single trial or plea proceeding. *Callaway v. State*, Nos. 05-95-01824-CR, 05-95-01825-CR, 1997 WL 472333, at *2 (Tex. App.—Dallas Aug. 20, 1997, no pet.)(mem. op., not designated for publication). He further argues that, as per Texas Code of Criminal Procedure 102.073(b), "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." CRIM. PROC. art. 102.073(b).

The two charges against appellant—evading arrest and manufacture or delivery of heroin—were tried in a single proceeding, and thus fall within a single criminal action. *See Callaway*, 1997 WL 47233, at *2. Therefore, court costs should only be assessed for one of the offenses and the imposition of costs in both cases is duplicative. CRIM. PROC. art. 102.073(a). The judgment in each case reflects an assessment of $309 in court costs against appellant. Appellant should have been assessed the costs in the heroin case only, because it is the higher category of offense. *Id*. at 102.073(b). We conclude that the duplicative court cost was imposed in violation of article 102.073, and accordingly affirm appellant's second issue.

When a judgment improperly includes amounts assessed as court costs, this Court may reform the judgment to delete the improper fees. *See Robinson v. State*, 514 S.W.3d 816, 828 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (citing *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); TEX. R. APP. P. 43.2(b)).

## CONCLUSION

We modify the trial court's evading arrest judgment to delete the imposition of court costs in connection with appellant's conviction for evading arrest. We affirm the trial court's

manufacture or delivery of heroin judgment and affirm the trial court's judgment on evading arrest as modified.


       /David J. Schenck/
       DAVID J. SCHENCK
       JUSTICE


DO NOT PUBLISH
TEX. R. APP. P. 47

170621F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAIME JOEL RUBIO, Appellant

No. 05-17-00621-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F16-41761-I
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** the imposition of court costs in connection with appellant's conviction for evading arrest.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 16th day of July, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JAIME JOEL RUBIO, Appellant

No. 05-17-00622-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F1-641762-I.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of July, 2018.