Opinion issued April 24, 2003



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00800-CR
____________
 
MICHAEL LYNN LAMB, Appellant
 
v.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 900908
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Michael Lynn Lamb, guilty of third offender felony
theft,


 and the trial court assessed appellant’s punishment at 22 months confinement
in a state jail. In his sole point of error, appellant argues that the trial court erred in
refusing to accept appellant’s offer to stipulate to the two prior theft convictions
alleged in the indictment.


 We affirm.
Background
          Mark Camper, the chief investigator for National Loss Prevention, testified
that, at about 7:30 p.m. on January 7, 2002, he was working at a Randall’s grocery
store when he saw appellant, who was shopping with a woman Camper later
determined to be appellant’s wife, loading groceries into a shopping cart and placing
them in plastic shopping bags.
          A few minutes after appellant’s wife left the store, appellant, who was pushing
the cart, stopped in the foyer near the entrance to the store, looked around, and
proceeded to leave the store without having paid for the groceries. A video camera
recorded appellant leaving the store. According to both Camper and Reginald
Harrison, another loss prevention officer, when the two men approached appellant
and asked to talk to him about the groceries, appellant pushed the cart away and ran. 
Harrison grabbed appellant’s collar and appellant fell. Appellant was then
handcuffed and taken back inside the store, and Camper notified the police. Harrison
testified that appellant’s cart contained items with a total value of about $288.
          Appellant testified that he and his wife did not put any groceries in bags except
for some fruit. According to appellant, he went to the foyer of the store with the cart
to sit on a bench while his wife got a new checkbook from their truck. Appellant
claimed that he was confronted by Harrison inside the foyer of the store, not in the
parking lot. During cross-examination, appellant admitted that he had been convicted
of theft in 1998 and 1990 and of possession of a controlled substance in 1998.
          Prior to trial, appellant presented the following stipulation concerning his two
prior theft convictions:
MICHAEL LYNN LAMB, the defendant hereby stipulates that he was
convicted as alleged in the indictment on July 29, 1998 in the 339th
District Court of Harris County, Texas of the felony offense of theft in
Cause No. 693567 and on March 19, 1990 in Cause No. 9010641 in
County Criminal Court at Law No. 9 of Harris County, Texas of the
misdemeanor offense of theft. By virtue of such stipulations, defendant
moves the Court to order the state’s attorney to not refer to such prior
convictions during voir dire of the jury panel, and to not offer proof of
such conviction [sic] before the jury during the guilt innocence phase of
the trial.

(Emphasis added.)
          The trial court refused to accept appellant’s stipulation, finding that it did not
rise “to the level set forth in Hollen.”


 The trial court informed appellant that he
would be allowed to submit an amended stipulation following the guidelines set forth
in Hollen, but appellant did not do so.
          The prosecutor read a statement, similar to the stipulation proposed by the
defendant, to the venire members during voir dire. Several members of the venire
panel expressed that they would consider appellant’s prior convictions of theft as
evidence of his guilt of the offense charged.
          During voir dire, the trial court instructed the venire, in part, as follows:
Ladies and gentlemen of the jury, . . . any prior convictions for theft in
that regard, used for jurisdiction, cannot be used by you as evidence of
guilt in this case. Because the theory is there is nothing to show that
because someone acted a certain way before they have acted in
conformity with that. Each case has to stand on its own.

In response to a question from one of the venire members regarding appellant’s
previous convictions, the trial court also engaged in the following exchange:
The Court:Well, just in a general sense, the law says if a person has
twice before been convicted of theft, it could be stealing a
ballpoint pen and then stealing a bag of popcorn. It could
be very little value. And if a person then can be shown to
have committed a third theft, then not by virtue of the value
of the property stolen, but by virtue of the fact there is a
third theft, then it is a felony.
 
          [Juror]:        Okay.
 
The Court:That makes it jurisdictional. That’s why we keep throwing
around that term, jurisdictional.
 
          [Juror]:        Now I understand.
 
The Court:Whereas, the case might be a misdemeanor amount, if there
are two prior convictions that can be proved beyond a
reasonable doubt, then the law says it would be a felony.
 
          [Juror]:        Thank you, Your Honor.
 
The Court:But the law also says you can’t take those prior convictions
as evidence of guilt in this case. You have to let this case
stand on its own. You can’t say because somebody stole
something five years ago they necessarily stole something
last week. You have to make the State prove each and
every element beyond a reasonable doubt.

At the conclusion of voir dire, the trial court granted appellant’s motion to strike 21
venire members for cause because they had indicated that they would use appellant’s
prior convictions as evidence of guilt.
          At the beginning of the guilt-innocence phase of the trial, the State read the
indictment to the jury, which included allegations of appellant’s two prior theft
convictions. Appellant pleaded not guilty to all of the allegations in the indictment,
including those concerning his two prior convictions.
          Following Camper and Harrison’s testimony, the State offered, as an exhibit,
appellant’s proposed stipulation to the two prior convictions. Appellant objected. At
a bench conference, appellant’s counsel explained that he was not objecting to the
contents of the stipulation, but was objecting “just to introducing it before the jury.” 
Appellant’s objection was sustained.



          The trial court then admitted, over appellant’s objection, a certified copy of
appellant’s jail card from his 1990 misdemeanor theft conviction. Harris County
Sheriff’s Deputy Steven Davis testified, as a fingerprint expert, that he took
appellant’s fingerprints on the same day that Davis testified, and the fingerprint cards
were introduced as exhibits. Based on those fingerprints, Deputy Davis identified
appellant as the same person whose fingerprints appeared on the 1990 jail card. The
State also introduced, over appellant’s objection, copies of the judgments from
appellant’s two prior theft convictions.
           The jury charge contained the following instruction regarding appellant’s prior
convictions:
You are instructed that certain evidence was admitted before you in
regard to the defendant’s having been charged and convicted of an
offense or offenses other than the one for which he is now on trial. Such
evidence cannot be considered by you against the defendant as any
evidence of guilt in the primary case. Said evidence was admitted
before you for the purpose of aiding you, if it does aid you, in passing
upon the enhancement paragraphs.




Analysis
          A theft offense is a state jail felony if the value of the property stolen is less
than $1,500 and the defendant has been convicted two or more times of any grade of
theft. Tex. Pen. Code Ann. § 31.03(e)(4)(D) (Vernon 2003). When prior
convictions are used to elevate a misdemeanor offense to the level of a felony, they
must be pleaded in the indictment for the trial court to gain jurisdiction. Tamez v.
State, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000). Jurisdiction vests with the trial
court when the pleadings are submitted to the trial court and contain the requisite
number of previous convictions. Id. A stipulation substitutes for and forecloses other
proof on an issue when a defendant seeks to stipulate to a “status” element, such as
prior convictions constituting an element of the charged offense. See Old Chief v.
United States, 519 U.S. 172, 191-92, 117 S. Ct. 644, 655-56 (1997).
          In Tamez v. State, the defendant was charged with felony driving while
intoxicated (DWI). Tamez, 11 S.W.3d at 199. The State alleged in the indictment
that the defendant had committed six prior DWIs. Id. The defendant objected to the
reading of all six offenses and offered instead to stipulate to two prior convictions if
the State would be foreclosed from mentioning the convictions to the jury. Id. The
trial court refused to accept the stipulation. Id. The defendant was convicted and, on
appeal, argued that the six prior DWI convictions alleged in the indictment were
substantially more prejudicial than probative and thus violated Texas Rule of
Evidence 403.


 Id.
          The Tamez court found that when a defendant agrees to stipulate to prior
convictions, the proper balance between allowing the State to prove the required
elements of the offense and preventing unfair prejudice to the defendant is struck
when the State is allowed to read the indictment at the beginning of trial, mentioning
only the two jurisdictional prior convictions, but is foreclosed from presenting further
evidence of the convictions during its case-in-chief. 11 S.W.3d at 202-03; see also
Bower v. State, 77 S.W.3d 514, 518 (Tex. App.–Houston [1st Dist.] 2002, pet. ref’d). 
The court reasoned that “a defendant’s stipulation to a previous conviction should
suffice when it carries the same evidentiary value as the judgments of prior
convictions, yet substantially lessens the likelihood that the jury will improperly focus
on the previous conviction or the defendant’s ‘bad character.’” Tamez, 11 S.W.3d at
202. This type of improper focus by the jury violates Rule 403 as well as the basic
policy of Rule 404(b).


 Id.
          When an accused agrees to stipulate to jurisdictionally-required prior
convictions, the admission of additional evidence relating to the prior convictions is
error, even though they are jurisdictional elements of the offense, because the danger
of unfair prejudice substantially outweighs the probative value. Robles v. State, 85
S.W.3d 211, 213-14 (Tex. Crim. App. 2002). In effect, the additional evidence
relating to the prior convictions becomes irrelevant to any contested issue because a
proper stipulation meets the statutory requirements. Id. at 212-13.
          However, the Court of Criminal Appeals has not implied that the State can be
prevented from reading the full indictment, including the requisite jurisdictional
convictions, to a jury. See id. at 216 (Cochran, J., dissenting on other grounds). 
Moreover, the Court of Criminal Appeals has not suggested that trial courts are
required to completely hide jurisdictional elements of the offense from the jury. Any
stipulation by a defendant substitutes for evidence, and such stipulation must be read
to the jury or at least put into evidence for the State to prove these elements of its case
beyond a reasonable doubt.
          Here, appellant’s proposed stipulation was conditioned upon the trial court’s
ordering the State not to refer to the convictions during voir dire and not offering
proof of the convictions before the jury during the trial.


 Because appellant’s
proposed stipulation, as presented, requested more relief than he was entitled to, we
hold that the trial court did not err in refusing to accept the stipulation. See Elliot v.
State, 56 S.W.3d 780, 782 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).
          We overrule appellant’s sole point of error.


Conclusion

          We affirm the judgment of the trial court.



                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).