# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00135-CR

**Earl Sorrells, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 9044144, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Earl Sorrells of the third-degree felony of driving while intoxicated (DWI), and the trial court sentenced him to twenty-five years' imprisonment. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2006). In three issues, appellant contends that the trial court erred in admitting evidence of his prior convictions, that the evidence supporting his conviction was legally insufficient, and that the jury charge was deficient because it omitted the lesser-included offense of misdemeanor DWI. We affirm the trial court's judgment.

## BACKGROUND

The record shows that appellant was indicted for felony DWI, pled not guilty, and proceeded to jury trial. Trooper Tim Gage of the Texas Department of Public Safety was the only witness who testified about appellant's arrest. Trial testimony revealed that, about 4:30 a.m. on

November 1, 2003, Gage saw appellant driving a van in the wrong direction on San Jacinto Street in Austin and stopped the van. Gage testified that appellant had an odor of alcohol on his breath, produced an expired temporary driver's license, and stated that he was a designated driver for a bar. Gage observed the unusual appearance of appellants' eyes: one was solid white and blind, the other was glassy. Appellant initially denied consuming any alcoholic beverages that evening, but he subsequently admitted to drinking "a few beers." He also informed the trooper, "I'm normally drunker than this." Appellant was unsuccessful in his performance of three field sobriety tests, and Gage arrested appellant for DWI.

After rejecting the State's plea bargains—offering incarceration for five years or between two and ten years—appellant proceeded to trial. At trial, the State alleged that appellant was guilty of felony DWI based on his two prior DWI convictions from 1991. The State relied on section 49.09(b)(2) of the penal code, which provides that a person who is intoxicated while operating a motor vehicle in a public place commits the misdemeanor offense of DWI, but that offense is punishable as a third-degree felony if it is shown that the person has two prior DWI convictions. *Id*. § 49.04(a), § 49.09(b)(2). Under section 49.09(e) of the penal code—in effect at the time of the offense—a prior conviction was too remote if the judgment of conviction, discharge from community supervision, completion of parole, or release from confinement occurred more than ten years before the commission of the offense for which the person was being tried. *See* Act of May 21, 2001, 77th Leg., R.S., ch. 648, 2001 Tex. Gen. Laws 1213, 1214, *repealed by* Act of May 25, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364.

2

To prove that appellant's 1991 convictions for DWI were not too remote from his 2003 offense, the State offered testimony concerning the dates of appellant's release from prison and discharge. William Seigman, director and custodian of records for the review and release processing section in the parole division of the Texas Department of Criminal Justice, testified that the State released appellant from confinement for his 1991 DWI convictions in 1996 and discharged him in 1998. To ascertain these dates, Seigman relied on a printout from a database of prison records.

Appellant objected that Seigman's use of the computer printout—which was not a certified copy—rendered Seigman's testimony about the 1991 convictions "unreliable and insufficient." The court overruled that objection and admitted the evidence of appellant's prior convictions. The jury subsequently found appellant guilty of felony DWI, and the court sentenced him to twenty-five years' confinement. This appeal followed.

## DISCUSSION

### Admissibility of prior convictions

In his first issue, appellant claims the trial court erred by admitting evidence of his 1991 convictions. The State asserts that a trial court's admission of evidence is reviewed under an abuse of discretion standard, *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002), which questions whether the court acted arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App.1990) (en banc) (op. on reh'g). We will not reverse a trial court's ruling unless it falls outside "the zone of reasonable disagreement." *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

3

Appellant urges that a de novo standard of review applies to the court's admission of evidence of his 1991 convictions because proof of them "pertains to the trial court's jurisdiction." We disagree. Appellant's complaints do not concern the court's jurisdiction but the manner in which elements of his DWI offense were proven. Felony DWI is defined by the penal code as DWI plus two prior convictions relating to the operation of a motor vehicle while intoxicated. *See id*. § 49.09(b)(2), (c)(1)(A). Proof of the two prior offenses are elements of the felony DWI offense. *Weaver v. State*, 87 S.W.3d 557, 561 (Tex. Crim. App. 2002). But proof of the prior DWI convictions does not invest the court with felony jurisdiction. *See Bower v. State*, 77 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Rather, the court's felony jurisdiction is conferred by presentment of a constitutionally sufficient indictment that alleges a felony offense. *See* Tex. Const. art. IV, § 12(b); *Cook v. State*, 902 S.W.2d 471, 475-76 (Tex. Crim. App. 1995); *Bower*, 77 S.W.3d at 517. Appellant does not raise any complaint about the sufficiency of his indictment in this case. Moreover, failure to establish the greater DWI offense would not have deprived the court of jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 4.06 (West 2005) (stating "[u]pon the trial of a felony case, the court shall hear and determine the case as to any grade of offense included in the indictment, whether the proof shows a felony or a misdemeanor."). Because there is not any jurisdictional issue in this appeal, we will review the trial court's admission of appellant's 1999 convictions for abuse of discretion.

The State offered two pen packets to prove appellant's 1991 DWI convictions. Because these convictions were more than ten years before appellant's 2003 DWI offense, they were only admissible if the trial court determined that the dates of appellant's release and discharge for

his 1991 convictions were within ten years of his 2003 DWI offense. *See* Tex. Penal Code Ann. § 49.09(e)(2)(A). Seigman testified that, with regard to the 1991 convictions, appellant was released from confinement in 1996 and discharged in 1998. Based on this testimony, the trial court found that appellant's 1991 convictions were not too remote and admitted the pen packets.

Appellant argues that Seigman's testimony was unreliable and insufficient to support admission of the 1991 pen packets. However, we give almost total deference to trial court findings of fact that are based on evaluating credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court heard and accepted Seigman's testimony that appellant's discharge and release dates for the 1991 convictions were within 10 years of his instant offense, and appellant presented no evidence to suggest otherwise. Nothing in this record suggests that the trial court abused its discretion by determining that the 1991 convictions were not too remote and admitting evidence of those convictions.

Appellant also argues that Seigman's testimony from uncertified prison records failed to satisfy evidentiary rules, and the trial court abused its discretion by considering it. But the court was not bound by the rules of evidence in its determination of the preliminary question concerning the prior convictions' admissibility. *See* Tex. R. Evid. 104(a). Seigman's testimony was offered to determine the preliminary question of the remoteness of appellant's 1991 DWI convictions. *See id*. Because we conclude that the trial court's ruling was not outside the zone of reasonable disagreement, we overrule his first issue.

**Legal sufficiency**

In his second issue, appellant purports to challenge the legal sufficiency of the evidence supporting his conviction. However, the argument in his brief is that the testimonial evidence supporting the admission of his prior convictions was insufficient—that is, the pen packets should not have been admitted on the basis of Seigman's testimony. This is merely a restatement of appellant's first issue. We have already determined that the trial court's decision to admit appellant's 1991 DWI convictions was not outside the zone of reasonable disagreement; however, in the interest of justice, we will consider the legal sufficiency of the evidence supporting appellant's conviction.

When evaluating the legal sufficiency of the evidence to support conviction, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). As sole judge of the witnesses' credibility and the weight to be given their testimony, the factfinder is free to accept or reject any or all of the evidence presented by either side. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

At trial, the court admitted the State's exhibits containing certified copies of pen packets, the trial court's docket sheets pertaining to appellant's 1991 DWIs, and appellant's driving record. The State offered the pen packets in cause numbers 0910596 and 106243 as evidence of appellant's two prior DWI convictions. The packets showed that appellant committed the offense of DWI on October 12, 1990, and on January 13, 1991, and that he was convicted of both offenses

on May 3, 1991.  This evidence identified appellant by his name and through photographs, one in which his impaired eye was visible.  The evidence also included a "ten-print" card—providing appellant's fingerprints, date of birth, height, weight, a description of his tattoo, and a notation of his blind left eye.  The State presented testimony from a fingerprint expert, who matched the ten-print card in the pen packet to a fingerprint sample given by appellant.  Additionally, the certified copy of appellant's driving record, prepared by the custodian of driver records of the Texas Department of Public Safety, identified appellant by name and date of birth and demonstrated that he had two convictions, in docket numbers 0000910596 and 0000106243, for DWI.

Viewing this evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt the essential element of appellant's two prior DWI convictions.  We overrule appellant's second issue.

**Lesser-included offense**

In his third issue, appellant argues that the jury charge should have included misdemeanor DWI as a lesser-included offense.  Appellant did not preserve this error for appeal.  To preserve an error for appeal, a criminal defendant must make a "timely request, objection, or motion" to the trial court with sufficient specificity to make the trial court aware of the complaint.  Tex. R. App. P. 33.1(a); *see also* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006).  In his brief, appellant concedes that he did not raise the issue of a lesser-included offense in the trial court.  In the absence of an objection or a request for special instruction at trial concerning the charge error, appellant may obtain reversal only if he demonstrates that the erroneous charge caused him "egregious harm."  *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *see also*

7

Tex. Code Crim. Proc. Ann. art. 36.19. Errors that result in egregious harm are those that affect the "'very basis of the case,'" those that deprive "the defendant of a 'valuable right,'" or those that "'vitally affect a defensive theory.'" *Druery v. State*, No. AP-74,912, 2007 Tex. Crim. App. LEXIS 392, at *28-29 (Tex. Crim. App. Apr. 4, 2007) (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)). Appellant fails to demonstrate that there was any error at all in the omission of a charge concerning the lesser-included offense of misdemeanor DWI.

A charge on a lesser-included offense must be given if (1) the lesser-included offense is included within the proof necessary to establish the charged offense, and (2) there is some evidence in the record that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993); *see* Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006). Because misdemeanor DWI is a lesser-included offense of felony DWI, *Gentile v. State*, 848 S.W.2d 359, 360 (Tex. App.—Austin 1993, no pet.), appellant would have been entitled to the inclusion of misdemeanor DWI in the jury charge if the record would have allowed a rational jury to find him guilty only of the misdemeanor. The record does not permit that conclusion.

Appellant argues that a rational jury could have found him guilty only of misdemeanor DWI because it could have disregarded Seigman's "unreliable and insufficient" testimony concerning appellant's release and discharge dates for the 1991 DWI convictions. But as discussed, Seigman's testimony on remoteness went to the admissibility of the evidence; a decision left to the trial judge. *See Weaver v. State*, 87 S.W.3d 557, 561 (Tex. Crim. App. 2002) (holding that remoteness questions under section 49.09(e) of penal code are not submitted to jury).

8

To convict appellant of felony DWI, the jury had to find appellant guilty of the 2003 DWI offense and determine that he had two prior DWI convictions. The jury was presented with certified copies of pen packets demonstrating appellant's two prior DWI convictions; evidence that no rational jury could ignore. These two prior convictions required the jury to find appellant guilty of felony DWI if it found him guilty of the 2003 DWI offense. Because the evidence in the record would not permit a rational jury to find that appellant was guilty only of misdemeanor DWI, the court did not err by omitting that lesser-included offense from the jury charge. We overrule appellant's third issue.

## CONCLUSION

Having overruled all three of appellant's issues, we affirm the trial court's judgment.

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Affirmed

Filed: June 19, 2007

Do Not Publish